489 So.2d 345 (1986)
STATE of Louisiana
v.
John J. FERNANDEZ.
No. KA-4205.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1986.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, *346 Dist. Atty., Pamela S. Moran, A. Hammond Scott, Asst. Dist. Attys., New Orleans, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before GARRISON and ARMSTRONG, JJ. and HUFFT, J., Pro Tem.
ARMSTRONG, Judge.
Defendant, John Fernandez, was convicted of possession of cocaine with intent to distribute in violation of LSA-R.S. 40:967 and sentenced to ten years at hard labor.
The record reflects that on September 30, 1983, at approximately 1:20 a.m., Officer Emmett Dupas responded to a radio broadcast that there was a suspicious person in the 4800 block of Tchoupitoulas Street. The dispatcher stated that the subject was John Fernandez, alias "Sonny Fernandez", a white male and that he was driving United Cab Number 1856. The dispatcher also stated that Fernandez possessed a pistol, was selling cocaine and had cocaine stashed under the dashboard, in a drawer in the trunk of the cab, or under a carpet in the trunk of the cab. Dupas proceeded to 4800 Tchoupitoulas and entered a barroom located there, however the subject was not present. In response to questions, Dupas said that he was responding to a report of a fight in the bar. Dupas then left the barroom.
At 2:10 a.m., Dupas was driving down Louisiana Avenue, between Magazine and Tchoupitoulas Streets, when he saw United Cab 1856. Dupas turned on the blue lights and siren and followed the cab for several blocks until it stopped in front of 1022 Harmony Street. Dupas radioed for reinforcements. Fernandez got out of his car, approached the officer, and gave Dupas his driver's license. He asked Dupas if he was being stopped because of the fight on Tchoupitoulas Street. Dupas told him no and to wait, because he was waiting for the other police cars to arrive. In the passenger seat of the car, Dupas could see Fernandez's female companion "moving around" and reaching to the floorboard. Fernandez told Dupas he wanted to return to his car for his cigarettes, however Dupas could see the cigarettes in Fernandez's pocket. Fernandez then said he wanted to turn off the cab's engine. Dupas conducted a pat-down search of Fernandez which did not reveal any contraband or weapons. At this time, Dupas' reinforcements arrived. Dupas saw the woman throw a brown paper bag out of the passenger window of the cab. One of the reinforcement policemen, Officer Smeegal, picked up the bag and examined the contents. The bag contained six or seven syringes. The woman was then removed from the car and the car was searched for drugs. In the trunk, underneath a piece of carpet another policeman, Officer Kopacz, found a brown paper bag with several ziplock bags and a bank coin envelope inside. One ziplock bag had three separate bags containing white powder. Another bag had twenty-one individual packets of white powder. The coin envelope contained three one gram packets of white powder.
At trial, Officer Paul Wortz, a criminalist for the New Orleans Police Crime Lab, was stipulated an expert in the field of analysis and identification of controlled dangerous substances. He testified that he analyzed all three of the "larger bags" and two of the smaller packets found in the brown paper bag. The results of his tests were positive for cocaine.
Also at trial, Officer Robert McNeal was qualified as an expert in the field of packaging and distribution of controlled dangerous substances. He testified that if someone was a user of an ounce of cocaine a day it would be cheaper for the user to purchase an ounce at one time and not twenty-four to twenty-eight grams in individual packets.
A review of the record reflects there are no errors patent.
By his first assignment of error, the defendant alleges that the trial court erred in denying his motion to suppress the evidence. This court previously addressed this issue on certiorari. State v. Fernandez, *347 K-2223 (La. 4th Cir. May 18, 1984). In that opinion we affirmed the trial court's denial of the motion to suppress.
This assignment lacks merit.
By his second assignment of error, the defendant alleges that insufficient evidence exists to justify the verdict.
In reviewing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La. 1982); State v. Dauzart, 461 So.2d 382 (La.App. 4th Cir.1984). In addition, when the State's case is based on circumstantial evidence, LSA-R.S. 15:438 provides that, assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. This rule is not a purely separate test from the Jackson standard, but rather an evidentiary guideline for the jury when considering circumstantial evidence. It is, therefore, a component of the more comprehensive reasonable doubt standard. State v. Nealy, 450 So.2d 634 (La. 1984).
The elements of possession of cocaine with intent to distribute are found in LSA-R.S. 40:967(A)(1). To support a conviction, the State must prove that the defendant knowingly or intentionally possessed, with intent to distribute, a controlled dangerous substance classified in Schedule II. Intent to commit a particular crime may be inferred from the facts presented. LSA-R.S. 15:445; State v. Duncan, 420 So.2d 1105 (La.1982).
In this case, cocaine was located in the trunk of the defendant's cab. Prior to the search, the defendant's female companion had thrown syringes out of a window. The defendant attempted to return to his car twice after leaving his car when stopped by Dupas. The jury could have inferred that the defendant knowingly possessed cocaine.
The defendant alleges that the State failed to prove possession with the intent to distribute. The specific intent to distribute may be inferred from the amount of the controlled substance found in the defendant's possession. Duncan, supra. Evidence tending to show that the defendant had in his possession an amount greater than one generally has for personal consumption will support a finding of intent to distribute the controlled substance. State v. Trahan, 425 So.2d 1222 (La.1983).
In this case, Officer McNeil testified that although some users may consume up to one ounce of cocaine a day, it would be unlikely that such a user would purchase the cocaine in one gram bags. In addition to the twenty-one small bags, the defendant was also in possession of several larger bags of cocaine. A jury could have found that the defendant possessed the cocaine with the intent to distribute.
This assignment lacks merit.
By his third assignment of error, the defendant alleges that the trial court imposed an excessive sentence when it sentenced the defendant to ten years at hard labor.
The imposition of a sentence, although within the statutory limit, may be unconstitutionally excessive if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless and needless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. den. Brogdon v. Louisiana, ___ U.S. ___, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). In order to insure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in LSA-C.Cr.P. art. 894.1 in determining the defendant's particular sentence. State v. Davis, 449 So.2d 452 (La.1984).
In this case, the trial judge gave the following reasons when he imposed the sentence: 1) The defendant had a 1977 *348 conviction for possession of PCP with intent to distribute, 2) No evidence was found to suggest that the defendant was a drug abuser 3) The defendant's type of criminal activity caused and threatened serious harm, albeit slowly and indirectly, 4) The defendant did not act under strong provocation, 5) There were no grounds tending to excuse or justify the defendant's conduct, 6) The defendant had a history of prior delinquency and criminal activity, 7) The defendant's conduct was not the result of circumstances unlikely to recur, 8) The defendant would not respond affirmatively to probationary treatment, 9) The defendant is in need of correctional treatment in a custodial environment, 10) A lesser sentence would deprecate the seriousness of the offense, 11) No excessive hardship will result to the defendant or his dependants by the defendant's incarceration. We find that there was adequate compliance with LSA-C.Cr.P. art. 894.1.
Once adequate compliance with C.Cr.P. art. 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. Brogdon, supra.
In this case, the defendant received a sentence of ten years at hard labor. This is far less than the thirty year maximum set forth in LSA-R.S. 40:967. Under these circumstances we find no abuse of discretion on the part of the trial court.
This assignment is without merit.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.