543 So.2d 540 (1989)
STATE of Louisiana
v.
Frank THOMAS.
No. 88-KA-1514.
Court of Appeal of Louisiana, Fourth Circuit.
April 27, 1989.
*541 Harry F. Connick, Dist. Atty., Janet Ahern, Asst. Dist. Atty., New Orleans, for plaintiff-appellee State.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant-appellant Frank Thomas.
Before GARRISON, KLEES and WILLIAMS, JJ.
KLEES, Judge.
On October 31, 1987, the defendant Frank Thomas was arrested for possession of cocaine with intent to distribute and subsequently charged by bill of information on January 14, 1988.
Defendant was tried by jury on February 22, 1988, and was found guilty as charged. The trial court ordered a presentence investigation. The State filed a multiple bill to which defendant pled not guilty. The hearing on the multiple bill was held on May 10, 1988, and defendant was found a multiple offender. He was sentenced to ten years at hard labor without benefit of good time.
On October 31, 1987, Officers Richard Cochran and Eric Hessler of the NOPD were on patrol in the Sixth District when they observed an argument between defendant and an unidentified man in the 2800 block of Clara Street. The officers got out of their patrol car and advised the two men to stop arguing. The two men stopped arguing and began to walk off in opposite directions.
Officer Cochran ordered the two men to stop, but neither one did. The officers then saw defendant throw a plastic bag to the ground. Officer Hessler retrieved the bag and found that it contained thirty-three small plastic bags containing a white powder the officers believed to be cocaine. Officer Cochran then placed defendant under arrest for possession with intent to distribute cocaine.
Defendant and his girlfriend, Zelda Johnson, testified that they were walking when they saw the police searching three men. They testified the officers then stopped defendant, searched him, handcuffed him and put him in the police car without saying why. Defendant testified that he had no cocaine and none was found when the police searched him.
Errors Patent
The record has been reviewed for errors patent, and none have been found.

Assignment of Error Number 1
Defendant's first assignment of error is that the trial court erred in denying defendant's motion to suppress. He argues there was no reasonable cause for an investigatory stop and thus the evidence seized was inadmissible. At the hearing on the motion to suppress, only Officer Cochran testified. He testified he wanted to stop defendant to find out why he was arguing with the unidentified male. Officer Cochran stated that he wanted to make certain that the argument did not become physical and to let defendant and the other person know that they could be arrested if they fought. He testified he saw defendant discard a bag in which was found thirty-three small individual packages containing a white powdery substance believed to be cocaine.
Looking at the totality of the circumstances surrounding defendant's detention, the police officers were justified in stopping defendant. There was reasonable cause to stop him since the police officers *542 reasonably believed that the argument between defendant and the other person could escalate into a fight. Since it appeared that a crime, i.e. either assault or battery, was about to be committed, defendant could be lawfully detained for questioning.
Accordingly, the bag discarded by defendant could be lawfully seized because once defendant abandoned it, he no longer had any expectation of privacy in the property seized. See State v. Smith, 489 So.2d 966 (La.App. 4th Cir.1986); State v. Belton, 441 So.2d 1195 (La.1983). This assignment of error lacks merit.

Assignment of Error Number 2
In this assignment of error, defendant argues that the trial court erred in finding defendant a multiple offender. No argument has been submitted on this assignment. Accordingly, it is deemed abandoned. State v. Washington, 430 So.2d 641 (La.1983).

Assignment of Error Number 3
In this assignment of error, defendant asserts the State did not prove beyond a reasonable doubt that he had the requisite intent to distribute cocaine. The defendant concedes the State proved he had dominion and control over the cocaine and that he knowingly possessed it. Defendant points out that no money was found in his possession and that there was no expert testimony the amount seized was inconsistent with personal consumption. Neither police officer testified seeing a drug transaction taking place or that the area was known for drug trafficking. He asks that a verdict of possession of cocaine be entered and the case remanded for resentencing.
In reviewing a claim of insufficient evidence, it must be determined after viewing the evidence in the light most favorable to the prosecution whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986). The evidence, both direct and circumstantial must meet the Jackson test. State v. Porretto, 468 So.2d 1142 (La.1985). The record as a whole, not just the evidence most favorable to the prosecution, must be looked at by the reviewing court. State v. Mussall, 523 So.2d 1305 (La.1988).
Under R.S. 40:967, the State must prove specific intent to distribute. State v. Elzie, 343 So.2d 712 (La.1977). Specific intent can be inferred from the circumstances of the transaction. R.S. 15:445; State v. Greenway, 422 So.2d 1146 (La. 1982).
State v. Myre, 502 So.2d 1105 (La.App. 4th Cir.1987) set forth what factual circumstances would support an inference of intent to distribute. This court stated:
Factual circumstances from which the intent to distribute a controlled substance may be inferred include: previous distribution or attempted distribution by the defendant; the presence of paraphernalia for distribution; possession of an amount sufficient to create a presumption of intent to distribute; and packaging in a form usually associated with distribution rather than personal use. State v. House, 325 So.2d 222 (La.1976); State v. Benton, 464 So.2d 960 (La.App. 4th Cir.1985). 502 So.2d at 1108.
However, mere possession is not in and of itself evidence of intent to distribute unless the quantity of the drugs possessed is so large that no other inference is reasonable. State v. Greenway, supra; State v. Williams, 457 So.2d 902 (La.App. 3rd Cir.1984).
In State v. Myre, supra, intent to distribute PCP was proven where an expert testified that the amount seized was inconsistent with personal use and was consistent with retail street distribution. The defendant also had in possession $264.00 in cash and was arrested in an area known for drug trafficking.
In State v. Fernandez, 489 So.2d 345 (La.App. 4th Cir.1986), the defendant's conviction for possession with intent to distribute cocaine was affirmed. The evidence of intent to distribute consisted of a bag containing *543 twenty-one small packets of cocaine and three larger bags of cocaine and expert testimony that the amount seized from the defendant was inconsistent with personal consumption.
In this case the jury was presented with the evidence of thirty-three individually wrapped bags of cocaine. After viewing this evidence in light most favorable to the prosecution, we cannot say that the jury as a rational trier of fact was clearly wrong in finding defendant guilty as charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Pro Se Assignments of Error
Defendant has filed his own brief raising five assignments of error.

Pro Se Assignments of Error Nos. 1 & 2
Defendant's first two pro se assignments of error deal with the stipulation concerning the crime lab report prepared by Officer Harry O'Neill which stated that package discarded by defendant tested positive for cocaine. Defendant's first assignment complains that Judge Waldron's explanation of the stipulation was erroneous and went beyond the findings contained therein. Defendant complains that this denied him due process and a fair and impartial trial because Judge Waldron was no longer a "neutral governor" but an advocate for the prosecution. The second assignment complains that his attorney failed to object to Judge Waldron's erroneous explanation of the stipulation. As a result defendant claims he was denied due process and effective assistance of counsel.
There is no support for defendant's argument that Judge Waldron's explanation of the stipulation was improper comment on the evidence and that Judge Waldron thereby became an advocate for the prosecution. He merely related to the jury what was contained in the crime lab report prepared by Officer O'Neill. This assignment lacks merit. As defendant's counsel had no reason to object, this assignment also lacks merit.

Pro Se Assignment of Error No. 3
In this assignment of error, defendant argues that the State failed to give prior written notice of intent to introduce into evidence at trial the crime lab report. Defendant claims that this violated R.S. 15:501 and denied him due process of law.
The crime lab report was entered into evidence without objection by defendant, and was in fact stipulated to by defendant, this assignment lacks merit.

Pro Se Assignment of Error No. 4
Defendant assigns as error the State's failure to prove venue and jurisdiction. He argues that no evidence was introduced showing that the crime occurred in Orleans Parish.
In State v. Hayes, 414 So.2d 717 (La. 1982), the issue of whether venue has been established is governed by the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
C.Cr.P. art. 611 provides that the trial shall take place in the parish where the offense was committed. See also La. Const. Art. I, Sec. 16. C.Cr.P. art. 615 provides:
Improper venue may be raised by motion to quash, and in such case the motion shall be tried by the judge alone. Even if the issue of venue has been passed upon by the judge prior to trial, the state on the trial shall have the burden of proving proper venue beyond a reasonable doubt.
Defendant did not file a motion to quash on the basis of lack of venue in Orleans Parish. In State v. McDermitt, 406 So.2d 195 (La.1981), the Supreme Court noted as untimely the defendant's argument that the State failed to prove venue.
Also, the trial court is allowed to take judicial notice of the fact that geographic locations mentioned by the witnesses are within Orleans Parish, even if Orleans Parish is never specifically mentioned by name. State v. Adams, 394 So.2d 1204 (La.1981).

*544 Pro Se Assignment of Error No. 5

In his final assignment of error, defendant claims the trial court did not advise him of his rights before permitting him to plead guilty to the multiple bill.
A review of the multiple bill hearing transcript shows that defendant did not plead guilty to the multiple bill. In fact, the minute entry for May 6, 1988 (Rec. p. 17) shows that defendant pled not guilty to the multiple bill.
Accordingly, for the reasons stated above, defendants conviction and sentence is affirmed.
AFFIRMED.