572 So.2d 705 (1990)
STATE of Louisiana
v.
Murray MOFFETT.
No. 89-KA-1403.
Court of Appeal of Louisiana, Fourth Circuit.
December 20, 1990.
*706 Harry F. Connick, Dist. Atty., Michele M. Smith, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Before WARD, ARMSTRONG and BECKER, JJ.
ARMSTRONG, Judge.
Defendant, Murray Moffett, was charged by bill of information with possession of marijuana with the intent to distribute, a violation of La.R.S. 40:966(A)(1). Following a trial by jury defendant was found guilty as charged. At the sentencing hearing defendant was sentenced to serve forty months at hard labor. The State subsequently filed a habitual offender information, seeking to have defendant adjudicated and sentenced as a third felony habitual offender under La.R.S. 15:529.1(A)(2). The State then orally amended the information to allege only that defendant was a second felony habitual offender under La.R.S. 529.1(A)(1). Defendant admitted to having been convicted of the prior alleged felony and was sentenced to serve forty months at hard labor, to run concurrent with the original forty month sentence.

FACTS
On the evening of January 19, 1989, New Orleans Police Officers William Pratt and Daniel Scalan were on patrol in the Magnolia Housing Project when they decided to alight from their vehicle and enter an area of the project between two buildings which was accessible only on foot. When they approached the area, known by them as one in which a high volume of drug trafficking occurred, they observed defendant receive currency from William Bell, and in turn, reach into a little bag and hand Bell a cigarette which Officer Pratt testified, appeared to be handrolled.
The uniformed officers ran into the area, identified themselves as police, and told both subjects to freeze. Bell attempted to walk off and was stopped by Officer Pratt who observed him crush the cigarette and drop it to the ground. Officer Pratt recovered the object which was a marijuana cigarette, and placed Bell under arrest. Both officers observed defendant throw the bag over his left shoulder and begin to walk away. Officer Scalan ordered him to halt, approached and frisked him for weapons, and returned him to the location where he had thrown the bag. Officer Scalan recovered the bag which contained seven marijuana cigarettes.
When Officer Scalan apprehended defendant he recovered a one dollar bill from his right hand. A search incidental to his arrest turned up two more dollar bills in his right pocket. In the presence of Officer Pratt, Officer Scalan advised defendant of his rights, including his right to remain silent, his right to have an attorney present during questioning, and his right to have an attorney appointed for him should he be unable to afford one.
Defendant and Bell were placed in the rear of the police unit for transportation to Central Lock-up. Both officers testified that en route to the lock-up defendant told them that he didn't sell the marijuana cigarette to Bell, he gave it to him. Presumably, defendant was trying to exculpate himself, but unwittingly admitted to distributing marijuana. Defendant's pre-trial motion to suppress this inculpatory statement was denied by the trial court.
At trial Bell testified that on the evening in question he stopped to speak to defendant who asked him for a cigarette, which *707 he gave him. Bell testified that defendant did not give him a marijuana cigarette nor did he see defendant in possession of any marijuana cigarettes that evening. Bell did testify that he had a marijuana cigarette on his person that evening which he threw to ground when the police officers approached the pair. He also stated that in connection with his arrest that evening he had pled guilty to possession of marijuana. Finally, Bell testified that he did not hear defendant state to the officers that he had not sold the marijuana cigarette to him (Bell), but had given it to him.

ERRORS PATENT
Our review of the record reveals two errors patent. Discussion of the first is rendered moot by our disposition of defendant's sole assignment of error. The second error consists of the trial court's apparent failure to vacate defendant's original sentence of forty months at hard labor on the possession of marijuana with intent to distribute conviction, before sentencing defendant as a habitual offender to the same sentence. Defendant was sentenced as a habitual offender for two felony convictions, the second being the possession with intent to distribute conviction. He should have been given only one sentence as a habitual offender on the underlying drug conviction. State v. Walker, 416 So.2d 534 (La.1982). The trial court's failure to vacate the original sentence is reversible error in and of itself.

ASSIGNMENT OF ERROR
By his sole assignment of error, defendant complains that the trial court erred in adjudicating him a second habitual offender based upon his admission of his identity at the habitual offender hearing because the trial court failed to advise him of his right to a formal hearing, his right to require the State to prove his identity, and his right against self-incrimination.
In its brief on appeal the State admits that defendant was not advised of the first two of these rights as required by La.R.S. 15:529.1(D). See, State v. Martin, 427 So.2d 1182 (La.1983); State v. Covington, 522 So.2d 1168 (La.App. 4th Cir.1988). In addition, defendant was not advised of his right to remain silent (his right against self-incrimination) before admitting his identity. This too was reversible error. State v. Johnson, 432 So.2d 815 (La.1983); State v. Wheeler, 547 So.2d 12 (La.App. 4th Cir.1989).
Although defendant did not raise this as an assignment of error, we will review the evidence to determine whether it was sufficient to convict him for possession of marijuana with the intent to distribute.
In reviewing for sufficiency of the evidence the Fourteenth Amendment's Due Process clause requires the reviewing court to determine whether, after viewing all of the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Mussall, 523 So.2d 1305 (La.1988).
The State had the burden of establishing that defendant (1) knowingly or intentionally possessed marijuana, and (2) so possessed the marijuana with the specific intent to distribute it. La.R.S. 40:966(A)(1); See, State v. Johnson, 529 So.2d 142 (La.App. 4th Cir.1988). The intent required to convict of possession of marijuana with intent to distribute is specific intent. La.R.S. 40:966(A)(1); State v. Tyler, 544 So.2d 495 (La.App. 2d Cir.1989). Specific intent can be inferred from the circumstances of the transaction. State v. Thomas, 543 So.2d 540 (La.App. 4th Cir. 1989), 548 So.2d 1229 (La.1989).
Viewing all of the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
For the foregoing reasons, we affirm in all respects defendant's conviction for possession of marijuana with intent to distribute. We vacate defendant's sentence as a second felony habitual offender and remand this case for resentencing in accordance with the views expressed herein.
*708 CONVICTION AFFIRMED, SENTENCE VACATED AND REMANDED.