|i McKAY, Judge.

STATEMENT OF THE CASE

The appellant, Terrance Perry, was charged by bill of information with possession of cocaine with the intent to distribute, a violation of La. R.S. 40:967(A)(1). A defense motion to suppress evidence was based on the failure of the officer to obtain the trial judge’s signature on the search warrant. Judge Jerome Winsberg heard the motion to suppress and determined that, because he was the judge to whom the affidavit and application for search warrant was presented, he might be called as a witness in the suppression hearing. Accordingly, he took the matter under advisement, ultimately re-cusing himself and having the case reallotted. Judge Calvin Johnson subsequently denied the motion to suppress without any additional hearing. The appellant was found guilty as charged by a jury on September 12, 1996 and was sentenced on December 13, 1996 to serve fifteen years under La. R.S. 15:529.1.

'STATEMENT OF THE FACTS

On October 29, 1994 Officer Carl Thibo-daux and others executed an unsigned search warrant for 620 South Lopez Street, for controlled dangerous substances and related evidence, including any weapons. The officers found one clear plastic bag containing ten rock-like substances on top of the refrigerator and a brown paper bag containing twelve rock-like substances near the front door. Samples from each of the bags tested positive for cocaine.
hWhen the officers entered the residence, the defendant was on the telephone in the kitchen, leaning over the refrigerator where one of the bags of cocaine was located. In addition, he had $268.00 in his hand. The defendant’s mother and another lady were in the living room. The officers found a utility bill in the defendant’s mother’s name. They determined that the defendant was a resident of the address from his Louisiana identification card. The officers initially intended to arrest both the defendant and his mother for possession óf the drugs found on the premises.
A canine unit was called out to search for additional narcotics. The officer with the canine unit ordered everyone out the house prior to his search. As the defendant was escorted out of the house, he stated that he did not want his mother arrested, and admitted that the drugs belonged to him. No additional drugs were found by the canine unit.

ERRORS PATENT REVIEW

A review of the record for errors patent reveals that there are none. The appellant notes that there is no record of the trial court advising him of the delay for filing an application for post conviction relief, as required by La.C.Cr.P. art. 930.8. However, the appellant does not claim that he was not advised, nor does the record reflect such an omission. Rather, as noticed by the appellant, the record is silent on the issue. Accordingly, this court may assume that the trial court gave the statutorily required notice. In addition, the failure to inform a defendant of this time limit does not bestow an enforceable right. See State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189; State v. Guy, 95-0899 (La.App. 4th Cir. 1/31/96), 669 So.2d 517.

ASSIGNMENT OF ERROR ONE

(/The appellant avers that the unsigned warrant is fatally defective, and since none of the exceptions to the warrant requirement apply, the narcotics seized as a result of the execution of the warrant should have been excluded.
The appellant cites a line of cases in which the failure of the authorized judge or magistrate to sign the warrant is fatal. See State v. Surowiecki, 184 Conn. 95, 440 A.2d 798 (Conn.1981); and Commonwealth v. Chandler, 505 Pa. 113, 477 A.2d 851 (Pa.1984). In Chandler, the court quotes from Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948), noting that sufficiency of the probable cause in the affidavit was not a relevant issue because, absent exigent circumstances, the probable cause determination “must be made before and not after the search.”
The appellant distinguishes State v. Huguenin, 662 A.2d 708 (R.I.1995), in which the judge who notarized the affidavit testified at *347 the suppression hearing that he had read the entire application, administered the oath to the officer affiant, signed the application and affidavit, but failed to sign the warrant by a mere oversight. Because the judge’s intent was clear, the warrant in the Huguenin case was upheld.
The State counters that the signature of the issuing judge is not required in Louisiana except upon oral testimony. The State’s interpretation of the laws relative to the issuance of warrants is contrived. The Louisiana Constitution at Article 1 Section 5, and La. C.Cr.P. arts. 161 and 162, provide for who is authorized to issue a warrant and on what grounds. La.C.Cr.P. art. 162.1 provides for the issuance of a warrant based upon oral testimony, by telephone, radio or other electronic method of communication.
In the case of an application by electronic communication, the judge who determines that the warrant should issue orders the applicant to affix a facsimile of his signature to the warrant. The statute contains various safeguards from [¡which a reviewing court may confirm that the warrant was issued on the authority of the judge or magistrate. It is only logical to assume that, for written applications, affidavits and warrants presented in person to the judge or magistrate, the judge will sign the warrant. It is the judge’s signature which, absent some other evidence, indicates the judge’s intent to issue the warrant.
The cases propounded by the State are not applicable to the instant case. In State v. Spaulding, 239 Kan. 439, 720 P.2d 1047 (Kan.1986), the court upheld the unsigned warrant where the judge received the return on the warrant the same day it was issued. The court there found the judge’s receipt of the return as evidence of his intent to issue the warrant.
In the instant case, the judge signed the application, in the form of an affidavit, on October 20, 1994. The warrant was not executed until October 29. The return on the warrant indicates that the first copy was to be returned to the “Judge signing the warrant .” Even if a copy of the return was furnished to the judge who signed the affidavit, and there is no evidence to indicate that it was, the fact that it was received at least nine days after the alleged issuance of the warrant would not indicate intent, as it would if the return were received by the issuing judge on the date that the warrant was issued.
In Yuma County Attorney v. McGuire, 109 Ariz. 471, 512 P.2d 14 (Ariz.1973), the issuing judge testified at the suppression hearing affirming his recollection of the application and his intent to sign the warrant. In Commonwealth v. Pellegrini, 405 Mass. 86, 539 N.E.2d 514 (Mass.1989), the judge reviewed the affidavit, signed it and told the officer he “had a good warrant.” There was no question of the judge’s intent in that case. In the above cases, the warrants were upheld. However, the judge who is alleged to have issued the warrant in the instant case did not testify (our emphasis) at the suppression hearing, nor is there any objective evidence of his intent to issuejjthe warrant.
The State further provides two cases in which the affiant failed to sign the affidavit and the warrants were upheld. See State v. Roubion, 378 So.2d 411 (La.1979) and State v. Johnson, 467 So.2d 20 (La.App. 1st Cir.), writ granted, 474 So.2d 942, and writ denied, 478 So.2d 904 (La.1985). However, where the judge or magistrate notarizes a sworn oath, the signature of the attesting officer is a mere formality and not necessary to prove the officer’s intent.
Lastly, the State avers that it would serve no deterrent purpose to penalize the officer for the oversight of the issuing judge. This is a totally inaccurate representation of the facts of this case. The applying officer admitted that he forgot to give the judge the warrant to sign. Moreover, unlike many of the cited cases, the officer knew that he had an unsigned warrant before he executed the warrant, which is why the officer presented the defendant and his mother with the signed application for the warrant. The good faith of the officer is further questionable because the latest transaction enumerated in the affidavit was on October 14, 1994. Considering that the officer waited until October 20 to apply for the warrant and until October 29 to execute it, the officer may have feared that *348 the issuing judge would determine that the information was stale, and so decided to proceed with the unsigned warrant.
This assignment has merit.

'ASSIGNMENTS OF ERROR TWO AND THREE

The appellant avers that without the evidence which resulted from the unlawful search, including the contraband drugs, the money and the defendant’s statement, the evidence is insufficient to support the conviction. The appellant further avers that, even considering the evidence introduced at trial, the ^evidence is insufficient relative to intent to support the conviction for possession with intent to distribute.
The issue of sufficiency of evidence must also be addressed because if the evidence adduced at trial was insufficient, no retrial is possible. See State v. Hearold, 603 So.2d 731, 734 (La.1992), where the Court stated: “When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors the reviewing court should first determine the sufficiency of the evidence.” See also State v. Monds, 91-0589 (La.App. 4th Cir. 1/14/94), 631 So.2d 536, 539, writ denied, 94-0626 (La.4/22/94), 637 So.2d 164.
In State v. Smith, 94-1502, p. 2 (La.App. 4th Cir 1/19/95), 649 So.2d 1078, 1081, this court set forth the standard for an appellate review of the sufficiency of evidence to support a defendant’s conviction:
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecutor, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 99 S.Ct. at 2789; State v. Rosiere, 488 So.2d 965 (La.1986). The reviewing court is to consider the record as a whole and not just the evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (1988).
When a conviction is based on circumstantial evidence, such evidence must exclude every reasonable hypothesis of innocence. La.Rev.Stat. Ann. § 15:438 (West 1992); State v. Camp 446 So.2d 1207 (La.1984). This is not a stricter standard of review, but it is an evidentiary guide for the jury when it considers circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985). When circumstantial evidence is sufficient to convict beyond a reasonable doubt and a rational trier of fact reasonably rejects the defendant’s hypothesis of innocence, that hypothesis fails; and, unless another hypothesis creates reasonable doubt, the defendant is guilty. State v. Captville, 448 So.2d 676 (La.1984).
When the entirety of the evidence, both admissible and inadmissible, is sufficient to support the conviction, the accused is not entitled to an acquittal, and the reviewing court must then consider the assignments of trial error to determine whether the accused is entitled to a new trial. Hearold, 603 So.2d at 734.
The evidence presented at trial, the contraband within reach of the appellant, the large amount of cash in his hand, and his spontaneous admission that the drugs were his, is sufficient for a rational trier of fact to conclude that the appellant was guilty of possession of cocaine.
The element of intent to distribute may be inferred from circumstantial evidence. Factors useful in determining if the circumstantial evidence is sufficient to prove the intent to distribute were set out in State v. House, 325 So.2d 222 (La.1975) and restated in Hearold, 603 So.2d at 735, as follows:
(1) whether the defendant ever distributed or attempted to distribute the drug; (2) whether the drug was in a form usually associated with possession for distribution to others; (3) whether the amount of drug created an inference of an intent to distribute; (4) whether expert or other testimony established that the amount of drug found in the defendant’s possession is inconsistent with personal use only; and (5) whether there was any paraphernalia, such *349 as baggies or scales, evidencing an intent to distribute.
In Hearold, the defendant was found with a relatively small amount of methamphetamine. The defendant did not contest the element of possession, only the element of intent to distribute. The intent was proven by inadmissible hearsay testimony of a police officer. Because the evidence before the jury, including the inadmissible evidence of prior drug distribution, provided a basis for a rational trier of fact to find intent, the defendant was entitled only to a new trial, not an acquittal of any part of the charge.
bIn State v. Fisher, 628 So.2d 1136 (La.App. 1st Cir.1993), writs denied, 94-0226 (La.5/20/94), 637 So.2d 474 and 94-0321 (La.5/20/94), 637 So.2d 476, in a case similar to the instant one, the First Circuit found that the defendant’s possession of $688.33 in cash and a bag containing twenty rocks of crack cocaine was insufficient to support a conviction for possession with intent to distribute. The testimony of an officer relative to the duration of the effect of cocaine and the usual amount purchased for personal consumption was similar to the testimony in the instant ease.
By contrast, in State v. Cushenberry, 94-1206 (La.App. 4th Cir. 1/31/95), 650 So.2d 783, the defendant’s conviction for possession with intent to distribute twenty-six rocks of cocaine was upheld. However, in that case, the defendant was standing outside a corner store in the rain. When an officer approached, he ran into the store and threw a medicine bottle containing the rocks onto a shelf. The bottle opened, and the rocks of crack cocaine spilled out. The defendant testified that he was at the store to purchase a money order with the $376.00 in his pocket, which money was given to him by his mother-in-law to pay the rent. He denied possessing the cocaine and denied that he ever used drugs of any kind. In that case, the defendant was observed standing in the rain and tossing the bottle containing the cocaine. Because he denied ever using drugs, the trier of fact could reasonably infer the defendant’s intent to distribute.
In the instant case, the defendant was found with twenty-two rocks of crack cocaine in his own home. He had $268.00 in his hand. The officers found no drug paraphernalia or weapons. Evidence relative to drug transactions at the location, which was a part of the search warrant affidavit, was excluded by the trial judge prior to trial for failure of the State to give adequate notice of this “other crimes” evidence. Accordingly, the evidence of intent which was ^presented to the jury consisted only of the cocaine, the cash, and an officer’s testimony that the amount of cocaine seized was more than the usual amount of a purchase. Considering the above cases, the evidence introduced is insufficient for a rational trier of fact to find, beyond a reasonable doubt, that the defendant had the intent to distribute.
Accordingly, we reverse the conviction, vacate the sentence and remand for retrial on the charge of simple possession of cocaine.

REVERSE, REMAND AND VACATE SENTENCE.