743 So.2d 766 (1999)
STATE of Louisiana
v.
Claude E. MAMON.
No. 98-KA-1943.
Court of Appeal of Louisiana, Fourth Circuit.
September 8, 1999.
*767 Harry F. Connick, District Attorney of Orleans Parish, Holli Herrle-Castillo, Assistant District Attorney, New Orleans, Louisiana, Counsel for State-Appellee.
Pamela S. Moran, Louisiana Appellate Project, New Orleans, Louisiana, Counsel for Defendant-Appellant.
*768 Court composed of Judge STEVEN R. PLOTKIN, Judge CHARLES R. JONES, and Judge MIRIAM G. WALTZER.
PLOTKIN, Judge.
On January 21, 1998, defendant-appellant Claude Mamon was charged by bill of information with possession of marijuana with the intent to distribute, La. R.S. 40:966(A). The defendant entered a plea of not guilty at his arraignment on January 27, 1998. After trial before a twelve-person jury on February 9, 1998, defendant was found guilty as charged. A sentencing hearing was held on May 5, 1998, at which the trial court denied defendant's motion for a post-verdict judgment of acquittal. Defendant waived delays and was sentenced to six years at hard labor. The State filed a multiple bill of information, to which defendant pled guilty. The trial court found defendant to be a second felony offender, vacated the original sentence and resentenced defendant to fifteen years at hard labor. The defendant's motion to reconsider sentence was denied, and this appeal followed.

STATEMENT OF THE FACTS:
At approximately 7:40 p.m. on December 27, 1997, New Orleans Police Officers Kenneth Quetant and Warren Walker were on patrol in full uniform while driving a marked police vehicle. As they turned onto St. Roch Street from Galvez Street, they noticed the defendant standing in front of a grocery store, leaning against a newspaper stand. When defendant saw the officers, he turned quickly to the right. The officers decided to stop and question defendant; and as they exited the vehicle, defendant turned and threw something down with his right hand before attempting to enter the store. After Officer Quetant detained the defendant, he retrieved the object defendant had discarded. The object was a clear plastic bag containing fifteen smaller plastic bags, each of which contained a green vegetable matter which the officer believed to be marijuana. The officers then arrested defendant, conducted an incidental search and found thirteen dollars on him. Officers Quetant and Walker identified the defendant at trial as the person they arrested on December 27, 1997.
A stipulation was entered at trial that, if Officer John Palm were to testify, he would state that he had tested the green vegetable matter which defendant abandoned and had found that it was indeed marijuana.

ERRORS PATENT:
A review of the record for errors patent reveals none.

COUNSEL AND PRO SE ASSIGNMENT OF ERROR NO.1:
In his first assignment of error, defendant argues that the trial court erred by denying his motion to quash the bill of information. The defendant argues that he was selectively prosecuted in violation of the 14th Amendment of the federal constitution. The defendant bases this argument on the fact that a female defendant, whose case arose in the trial court just before defendant's case, was only charged with possession of marijuana after being arrested for possessing twelve bags of marijuana weighing 20.8 grams. The female defendant was found to possess fifty dollars at the time of her arrest. In addition, she had a prior conviction for possession of cocaine.
The defendant in the present case was found with fifteen bags of marijuana weighing 23.97 grams, as well as thirteen dollars. Like the female defendant, the defendant in the present case has a prior conviction for possession of cocaine.
In U.S. v. Jennings, 724 F.2d 436 (5 Cir.1984), cert. denied, 467 U.S. 1227, 104 S.Ct. 2682, 81 L.Ed.2d 877 (1984), the court described the burden of proof that a defendant must carry when he or she urges the defense of selective prosecution:
In order to prevail in a defense of selective prosecution, a defendant must meet two requirements which we have characterized *769 as a `heavy burden.' United States v. Johnson, 577 F.2d 1304, 1308 (5th Cir.1978) (quoting United States v. Berrios, 501 F.2d 1207, 1211 (2d Cir. 1974)). First, he must make a prima facie showing that he has been singled out for prosecution although others similarly situated who have committed the same acts have not been prosecuted. United States v. Tibbetts, 646 F.2d 193, 195 (5th Cir.1981). Second, having made the first showing, he must then demonstrate that the government's selective prosecution of him has been constitutionally invidious. Id. The showing of invidiousness is made if a defendant demonstrates that the government's selective prosecution is actuated by constitutionally impermissible motives on its part, such as racial or religious discrimination. United States v. Lichenstein, 610 F.2d 1272, 1281 (5th Cir.), cert. denied, [Bella v. United States,] 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 856 (1980).
Furthermore, the Louisiana Supreme Court, in State ex rel. Guste v. K-Mart Corp., 462 So.2d 616, 620 (La.1985), has written on the issue of selective prosecution as follows:
A concept imbedded in our system of law enforcement is prosecutorial discretion. Prosecuting agencies have broad powers in deciding whether to institute a prosecution in a given case. However, as with any governmental power delegated to an agency or official, this discretion must not be used arbitrarily, capriciously, or maliciously, but rather must be used to further the ends of justice. In the words of the United States Supreme Court, `the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation.' In order to find such a violation, it must be shown that `the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.' Oyler v. Boles, 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962). [Citations omitted.]
In the present case there was no showing of arbitrary, capricious or malicious prosecution; nor is there evidence that the prosecution of defendant was based on an unjustifiable standard such as race, religion or gender. When asked by the trial judge whether, in defense counsel's opinion, the State was practicing sex discrimination, defense counsel responded, "I don't know. I think it may be a matter of idiocy. One of these was screened by Mr. Alexander and one was screened by Ms. Hay. I'll leave it to you to decide which one did the more goofy screening process. How can that be considered fair?" Defense counsel's statement makes it clear that the different charges resulted from the prosecutorial discretion of the different assistant district attorneys who screened the cases. There is absolutely nothing in the record to suggest that the different district attorneys collaborated to bring more serious charges against male defendants or lesser charges against female defendants. Such independent exercises of discretion do not rise to the level of unconstitutionally selective prosecution.
This assignment of error is without merit.

COUNSEL AND PRO SE ASSIGNMENT OF ERROR NO.2:
In this assignment of error, defendant contends that the State produced insufficient evidence to sustain his conviction for possession of marijuana with the intent to distribute. The defendant specifically argues that the State did not produce any evidence to support an inference that he intended to distribute the marijuana in his possession.
Recently, in State v. Ash, 97-2061 (La.App. 4 Cir. 2/10/99), 729 So.2d 664, writ denied, 99-0721 (La.7/2/99), ___ So.2d ___, 1999 WL 511039, this court summarized the standard of review that applies when a defendant claims that the *770 evidence produced to convict him was constitutionally insufficient:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The reviewing court is to consider the record as a whole and not just the evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988). Additionally, the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. Id. The trier of fact's determination of credibility is not to be disturbed on appeal absent an abuse of discretion. State v. Cashen, 544 So.2d 1268 (La.App. 4 Cir.1989). When circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proved such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La. 1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
The State had the burden of establishing beyond a reasonable doubt, first, that defendant knowingly or intentionally possessed marijuana and, second, that defendant possessed it with an intent to distribute it. La. R.S. 40:966(A)(1); State v. Moffett, 572 So.2d 705 (La.App.4 Cir.1990). Intent can be inferred from the circumstances surrounding the defendant's arrest. Id. In State v. Hearold, 603 So.2d 731, 735 (La.1992), the Louisiana Supreme Court listed five factors, originally set forth in State v. House, 325 So.2d 222 (La.1975), that are helpful in determining whether circumstantial evidence is sufficient to prove the intent to distribute a controlled dangerous substance:
(1) whether the defendant ever distributed or attempted to distribute the drug; (2) whether the drug was in a form usually associated with possession for distribution to others; (3) whether the amount of drug created an inference of an intent to distribute; (4) whether expert or other testimony established that the amount of drug found in the defendant's possession is inconsistent with personal use only; and (5) whether there was any paraphernalia, such as baggies or scales, evidencing an intent to distribute.
The possession of large sums of cash may also be considered circumstantial evidence of intent, State v. Jordan, 489 So.2d 994 (La.App.1 Cir.1986), as may the possession of weapons. Hearold, 603 So.2d at 736. "In the absence of circumstances from which an intent to distribute may be inferred, mere possession of a drug does not amount to evidence of intent to distribute, unless the quantity is so large that no other inference is possible." Id. at 735-36; State v. Trahan, 425 So.2d 1222 (La.1983) (possession of enough marijuana for 1,600 cigarettes, plus paraphernalia, sufficient to prove intent); State v. Sibley, 310 So.2d 100 (La.1975) (possession of enough marijuana for 600 cigarettes sufficient to prove intent).
In the instant case, the arresting officers' testimony that defendant threw down the plastic bag was clearly sufficient to establish that defendant possessed marijuana. *771 However, the officersthe State's only witnessesprovided extremely limited circumstantial evidence of defendant's intent. Turning to the Hearold factors, the officers admitted that they never saw defendant distribute or attempt to distribute the marijuana. Defendant carried only thirteen dollars, limiting his ability to provide change for a sale; and he carried no weapons. Officer Quetant did not provide any expert testimony concerning the packaging of marijuana for retail sales, nor did he address the question of whether the amount of marijuana defendant possessed was inconsistent with personal use. Officer Walker testified that they arrested defendant for possession with intent to distribute because of the quantity of marijuana and the packages of individual baggies. However, the State did not tender Officer Walker as an expert, and the trial court allowed the testimony only to show the basis for defendant's arrest. Thus, the State did not produce any expert testimony on quantity and/or packaging of marijuana for retail sales. Similarly, it produced no evidence on the consistency of the amount possessed with strictly personal use.
In addressing defendant's argument, the State relies upon this court's decision in State v. Thomas, 543 So.2d 540 (La.App.4 Cir.1989), writ denied, 548 So.2d 1229 (La. 1989). In Thomas, this court held that evidence of defendant's possession of thirty-three bags of powder cocaine, found within a larger plastic bag, was sufficient to sustain defendant's conviction for possession of cocaine with intent to distribute. Thomas argued that the arresting officers had not seen him distributing cocaine, that he had no money in his possession, and that the State presented no expert testimony that the amount of cocaine was inconsistent with personal use. 543 So.2d at 542. This court simply found it sufficient that the jury had been "presented with thirty-three individually wrapped bags of cocaine," id. at 543an unusual decision, given the opinion's citations to State v. Myre, 502 So.2d 1105 (La.App. 4 Cir.1987), and State v. Fernandez, 489 So.2d 345 (La.App. 4 Cir.1986), writ denied, 493 So.2d 1215 (La.1986).
In Myre, this court held that the State produced sufficient evidence of intent to distribute PCP where the defendant had been arrested in an area known for drug trafficking while carrying $264.00 in cash and where an expert testified that the amount of PCP seized was inconsistent with strictly personal use. In Fernandez, this court noted sufficient evidence of intent to distribute cocaine where the contraband seized included a bag containing twenty-one small packets of cocaine and three larger bags of cocaine and where the State produced expert testimony that the amount seized was inconsistent with strictly personal consumption.
Myres and Fernandez represent better applications of the Hearold factors than does Thomas, where, as here, the circumstantial evidence of intent is minimal. Moreover, Thomas is distinguishable on the ground that the thirty-three baggies of cocaine in that case are stronger circumstantial evidence of intent than the fifteen baggies of marijuana in the instant case. The fifteen baggies did not contain such a large amount of drugs that only an inference of intent to distribute was possible. Accordingly, defendant's mere possession of the drugs was insufficient to justify his conviction for possession with intent to distribute. Hearold, supra.
In State v. Fisher, 628 So.2d 1136, 1141-43 (La.App. 1 Cir.1993), writs denied, 94-0226 (La.5/20/94), 637 So.2d 474 and 94-0321 (La.5/20/94), 637 So.2d 476, the First Circuit held that evidence of defendant's possession of approximately twenty rocks of crack cocaine[1] and $688.33 in cash was *772 insufficient to support defendant's conviction for possession of cocaine with the intent to distribute. The cocaine was packaged in one single plastic bag, yet each rock was capable of being sold just as easily if it had been individually wrapped. In modifying defendant's conviction to possession of cocaine, the court noted that there was no evidence of drug paraphernalia or weapons found in the defendant's motel room. The court also discounted the officer's testimony about the quantity of cocaine involved in personal use versus distribution, as the officer was not qualified as an expert.
This court has recently cited Fisher with approval in State v. Perry, 97-1175 p. 8 (La.App. 4 Cir. 7/22/98), 720 So.2d 345, 349. In Perry, the defendant was found in his home with twenty-two rocks of crack cocaine and $268.00 cash in his hand, but without any drug paraphernalia or weapons. An officer testified that the amount of cocaine seized was more than a person would normally purchase for personal use, but the State presented no other circumstantial evidence of the defendant's intent. This court unanimously reversed the defendant's conviction for possession of cocaine with intent to distribute and granted him a new trial on the charge of simple possession of cocaine.
We find Perry and Fisher quite persuasive under the circumstances of the instant case. Although the lack of circumstantial evidence does not support the charged offense, it does support a conviction for the lesser and included offense of possession of marijuana; and this court is authorized to enter a judgment of guilty of the lesser and included offense. La. C.Cr.P. art. 821(E); State v. Byrd, 385 So.2d 248, 251-53 (La.1980). Defendant's conviction is accordingly amended to a judgment of conviction for the lesser included offense of possession of marijuana, La. R.S. 40:966(D). Defendant's adjudication as a multiple offender and corresponding sentence must also be vacated. We do not reach defendant's third and fourth assignments of error, regarding the voluntariness of his multiple offender plea and the excessiveness of his sentence. This matter is remanded to the trial court for resentencing on the modified judgment of conviction.
CONVICTION REVERSED AND MODIFIED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.
NOTES
[1] The exact number of rocks could not be determined because the defendant swallowed the bag and rocks when awakened by police in his motel room. Based on their brief perception of the bag, however, the officers felt that the defendant had consumed a "large amount" of cocaine, leading them to have the defendant's stomach pumped at a hospital.