780 So.2d 1140 (2001)
STATE of Louisiana
v.
Domino JOHNSON.
No. 2000-KA-1528.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 2001.
*1142 Harry F. Connick, District Attorney, Leslie P. Tullier, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff/Appellee.
William R. Campbell, Jr., Louisiana Appellate Project, New Orleans, LA, Counsel for Defendant/Appellant.
Court composed of Judge BAGNERIS, Judge KIRBY, and Judge GORBATY.
GORBATY, Judge.
On August 18, 1999, the defendant, Domino Johnson, was charged by bill of information with possession with intent to distribute marijuana, a violation of La. R.S. 40:966(A)(2).[1] The defendant did not appear for arraignment, and an alias capias was issued. The defendant was then arrested on November 29, 1999. After a trial on January 11, 2000, the jury found the defendant guilty as charged. On April 10, 2000, the defendant was sentenced to fifteen years at hard labor with credit for time served. The State then filed a multiple bill of information, to which the defendant pleaded guilty. On April 27, 2000, the trial court vacated the original sentence and sentenced Johnson to fifteen years at hard labor under La. R.S. 15:529.1. The defendant's motion to reconsider sentence was denied. Defendant subsequently filed this appeal.

FACTS
At the trial, Sgt. Reggie Jacque testified that on March 6,1997, he and the other Narcotics Division officers participated in the investigation and subsequent arrest of the defendant. Earlier that day, police officers met with a confidential informant, who allegedly stated that drugs were beings old out of a residence on St. Ferdinand Street. The alleged seller of the contraband was a resident identified as Rick. Later in the afternoon, the officers initiated a successful controlled buy and obtained a search warrant for the residence, identified as 805 St. Ferdinand. The officers set up surveillance on the residence. The target of the surveillance was Rick Lee, the alleged seller of the contraband.
At approximately 7:30 p.m., the officers observed the defendant leave the house on St. Ferdinand. Carrying a grocery bag, he locked the door and got into an old gray Lincoln Town Car. Sgt. Jacque stated that the defendant was followed because there was a search warrant for that residence; "anybody leaving that house could have been carrying contraband out of the house, out of the location."
Sgt. Jacque followed the defendant to the Glenrose Hotel on Chef Menteur Highway. The defendant drove the vehicle to one of the rooms facing the highway and blew the horn. Rick Lee exited the room and went to the driver's side of the car. The defendant gave Lee the grocery bag that he had carried from the St. Ferdinand residence to the car. Lee inspected the contents of the bag. Lee then went back to the room and retrieved "something dark." Lee then got into the car.
Detective Harrison, the detective managing the investigation, decided to detain the subjects. Upon the officer's approach, Rick Lee threw an object into the back-seat. Both Lee and Johnson were ordered out of the vehicle. A subsequent search of *1143 the car revealed the object tossed into the backseat to be a package containing approximately one pound of marijuana. Additionally, a nine-millimeter pistol was found under the passenger's seat.
Both Rick Lee and Domino Johnson were then arrested. The officers returned to the St. Ferdinand residence and executed the search warrant previously obtained for the residence. The search revealed four sandwich bags, each containing one ounce of marijuana, and three one-pound bags of marijuana. Both Johnson and Lee gave the St. Ferdinand address as their residence. The officers also found a phone bill for that address in the name of Domino Johnson.
On cross-examination, Sgt. Jacque clarified that he did not know Rick Lee, the target of the investigation. When he saw the defendant exit the residence, the sergeant did not know until later that he was not Lee.
Sgt. Michael Harrison corroborated Sgt. Jacque's testimony relating to the surveillance of Johnson at the St. Ferdinand Street house and the events that transpired at the Glenrose Motel. On cross-examination, Sgt. Harrison conceded that he had the search warrant in his hand while he and Sgt. Jacque were outside watching the residence. The sergeant explained that he did not know whether Lee was present at that time. He wanted to ascertain whether Lee was there and whether drug violations were occurring at that time prior to entering the residence. The officers followed the defendant, who led the police right to the target of the investigation, Rick Lee. Sgt. Harrison agreed that Lee took the gun from the hotel room. The officer explained that he believed that the defendant had transported the contraband from the residence to the hotel room, and he did not have a warrant for the hotel room.
The defendant and the State stipulated that if Criminalist Glenn Gilyot were called to testify, he would testify that the packages produced as marijuana did indeed test positive for marijuana. The trial court explained this stipulation to the jurors.
Out of the presence of the jury, defense counsel stated for the record that he had advised his client not to testify because he had two prior convictions, possession of cocaine and possession with intent to distribute cocaine, and his client had agreed.

ERRORS PATENT
A review for errors patent on the face of the record reveals none.

ASSIGNMENT OF ERROR NUMBER ONE
The defendant argues that the search of the car was illegal because the police officers had no probable cause to justify the belief that the defendant was carrying contraband within the vehicle. The record does not show that defendant filed a motion to suppress the evidence or that he made a contemporaneous objection at trial. According to the December 22, 1999 minute entry, defense counsel waived all pre-trial motions. The defendant has not preserved the issue of whether the evidence was unlawfully seized and should have been suppressed. La.C.Cr.P. art. 841; State v. Dupart, 99-1693 (La.App. 4 Cir. 5/10/00), 769 So.2d 15; State v. Norwood, 99-136 (La.App. 5 Cir. 8/31/99), 742 So.2d 993. Therefore, this issue is not properly before this Court. Even if these issues had been preserved for appeal, the evidence was properly seized because the officers had reasonable suspicion to conduct an investigatory stop. Contrary to the defendant's assertion, the officers needed only reasonable suspicion, not probable cause, to stop the vehicle.

ASSIGNMENT OF ERROR NUMBER TWO
The defendant avers that there was insufficient evidence to prove that he intended to distribute the marijuana, a required element of the offense. The State contends that four pounds of marijuana were found, and that quantity refutes the *1144 defendant's argument that the marijuana was for his personal use.
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The reviewing court is to consider the record as a whole and not just the evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988). Additionally, the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. Id. The trier of fact's determination of credibility is not to be disturbed on appeal absent an abuse of discretion. State v. Cashen, 544 So.2d 1268 (La.App. 4 Cir.1989). When circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proved such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La. 1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
State v. Ash, 97-2061, pp. 4-5 (La.App. 4 Cir. 2/10/99), 729 So.2d 664, 667-68, writ denied, 99-0721 (La.7/2/99), 747 So.2d 15. See also State v. Guillard, 98-0504 (La. App. 4 Cir. 4/7/99), 736 So.2d 273.
The State must prove beyond a reasonable doubt that the defendant knowingly or intentionally possessed marijuana and that the defendant possessed it with the intent to distribute it. La. R.S. 40:966(A); State v. Mamon, 98-1943 (La. App. 4 Cir. 9/8/99), 743 So.2d 766, writ denied, 99-2715 (La.3/17/00), 756 So.2d 326. The State need not prove that the defendant was in actual physical possession of the marijuana; constructive possession is sufficient to support a conviction. State v. Guillard, 736 So.2d at 273. Intent can be inferred from the circumstances surrounding the defendant's arrest. State v. Mamon, 98-1943 (La.App. 4 Cir. 9/8/99), 743 So.2d 766. In State v. Hearold, 603 So.2d 731, 735 (La.1992), the Louisiana Supreme Court listed five factors, originally set out in State v. House, 325 So.2d 222 (La.1975), that are helpful in determining whether circumstantial evidence is sufficient to prove the intent to distribute a controlled dangerous substance:
(1) whether the defendant ever distributed or attempted to distribute the drug; (2) whether the drug was in a form usually associated with possession for distribution to others; (3) whether the amount of drug created an inference of an intent to distribute; (4) whether expert or other testimony established that the amount of drug found in the defendant's possession is inconsistent with personal use only; and (5) whether there was any paraphernalia, such as baggies or scales, evidencing an intent to distribute.
The possession of large sums of cash may also be considered circumstantial evidence of intent. State v. Jordan, 489 So.2d 994 (La.App. 1 Cir.1986). Weapons may also be considered such evidence. State v. Hearold, 603 So.2d at 736; State v. Mamon, 743 So.2d at 770. "In the absence of circumstances from which an intent to distribute may be inferred, mere *1145 possession of a drug does not amount to evidence of intent to distribute, unless the quantity is so large that no other inference is possible." State v. Hearold, 603 So.2d at 735-36. In State v. Trahan, 425 So.2d 1222 (La.1983), possession of one and three quarters pounds of marijuana (enough to make about 1,600 cigarettes) plus paraphernalia was sufficient to prove intent. In State v. Sibley, 310 So.2d 100 (La.1975), possession of fifteen packets of marijuana (enough to make about 600 cigarettes) was held to be sufficient to prove intent.
In State v. Mamon, pp. 8-9, 743 So.2d at 771, this Court discussed cases involving proof of intent to distribute:
In addressing defendant's argument, the State relies upon this court's decision in State v. Thomas, 543 So.2d 540 (La.App. 4 Cir.1989), writ denied, 548 So.2d 1229 (La.1989). In Thomas, this court held that evidence of defendant's possession of thirty-three bags of powder cocaine, found within a larger plastic bag, was sufficient to sustain defendant's conviction for possession of cocaine with intent to distribute. Thomas argued that the arresting officers had not seen him distributing cocaine, that he had no money in his possession, and that the State presented no expert testimony that the amount of cocaine was inconsistent with personal use. 543 So.2d at 542. This court simply found it sufficient that the jury had been "presented with thirty-three individually wrapped bags of cocaine," id. at 543an unusual decision, given the opinion's citations to State v. Myre, 502 So.2d 1105 (La.App. 4 Cir.1987), and State v. Fernandez, 489 So.2d 345 (La.App. 4 Cir.1986), writ denied, 493 So.2d 1215 (La.1986).
In Myre, this court held that the State produced sufficient evidence of intent to distribute PCP where the defendant had been arrested in an area known for drug trafficking while carrying $264.00 in cash and where an expert testified that the amount of PCP seized was inconsistent with strictly personal use. In Fernandez, this court noted sufficient evidence of intent to distribute cocaine where the contraband seized included a bag containing twenty-one small packets of cocaine and three larger bags of cocaine and where the State produced expert testimony that the amount seized was inconsistent with strictly personal consumption.
In the case at bar, the defendant exited his house carrying a grocery bag containing one pound of marijuana; three one-pound packages of marijuana were subsequently found in his house, along with small sandwich bags clearly packaged for sale that each contained one ounce of marijuana. A total of four pounds of marijuana is an amount too large for personal use; it is properly inferred from these facts that the defendant intended to distribute the drugs. Thus, there was sufficient evidence to support the jury verdict of guilty of possession with intent to distribute marijuana.

CONCLUSION
Accordingly, for the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] There was a codefendant, Rick Lee, who was also charged with possession with intent to distribute marijuana. According to the State's brief, Lee is still at large.