747 So.2d 1232 (1999)
STATE of Louisiana
v.
Edward FOBBS.
No. 99-K-0073.
Court of Appeal of Louisiana, Fourth Circuit.
November 24, 1999.
Harry F. Connick, District Attorney of Orleans Parish, Brian Marcelle, Assistant District Attorney of Orleans Parish, New Orleans, Louisiana, Counsel for Appellee.
Milton P. Masinter, Metairie, Louisiana, and Dwight Doskey, New Orleans, Louisiana, Counsel for Defendant/Relator.
*1233 Court composed of Chief Judge ROBERT J. KLEES, Judge MOON LANDRIEU, Judge PATRICIA RIVET MURRAY.
LANDRIEU, Judge.
On remand from the Louisiana Supreme Court, we now consider whether the mandatory minimum term without benefit of parole, probation, or suspension of sentence specified by La.Rev.Stat. 40:967, subd. B(4)(b) for possession of cocaine with intent to distribute is excessive as applied to defendant, Edward Fobbs.
On March 23, 1998, the State of Louisiana filed a bill of information charging Fobbs with one count of possession of cocaine with intent to distribute, a violation of La.Rev.Stat. 40:967, subd. B(1). On July 14, 1998, a jury found the defendant guilty as charged. After denying defendant's motion for new trial and reviewing a presentence investigation report, the court sentenced the defendant to serve eight years at hard labor. The court then suspended the sentence and placed the defendant on five years active probation with several conditions, including serving four months in parish prison with credit for time served. The State objected to the suspension of the sentence on the grounds that the statute prohibited a suspension of the first five years of the sentence. The State then filed a writ application, seeking our review of the trial court's ruling.
On March 15, 1998, we rendered a decision vacating the defendant's sentence and remanded the case for resentencing. Relying on our holding in State v. Hebert, 94-2223 (La.App. 4 Cir. 3/16/95), 652 So.2d 1049, we stated that the Supreme Court's decision in State v. Dorthey, 623 So.2d 1276 (La.1993) was limited to sentences imposed under the habitual offender statute, La.Rev.Stat. 15:529.1, and could not be used to suspend the execution of a jail sentence when suspension of the sentence was prohibited by the substantive offense which the defendant had violated. The defendant then sought review of our March 15 decision to the Supreme Court.
In its remand order, the high court expressly stated:
Our observation in State v. Dorthey, 623 So.2d 1276, 1280 (La.1993), that `the review of sentencing, including sentencing under R.S. 15:529.1, is a long established function of the judicial branch,' does not, nor did we intend it to, restrict the sentence review principles espoused in that decision solely to the mandatory minimum penalties provided by La. R.S. 15:529.1. See State v. Davis, 94-2332, pp. 11-12 (La.App. 1st Cir. 12/15/95), 666 So.2d 400, 407-08. As we explained in State v. Sepulvado, 367 So.2d 762, 766 (La.1979), La. Const. Art. 1, § 20 provides `the basis for extending the court's control over the entire sentencing process.' (emphasis added).
State v. Fobbs, 99-1024 (La.9/24/99), 744 So.2d 1274.
The Supreme Court suggested that a mandatory minimum sentencenot the result of a multiple bill situation might be unconstitutional in State v. Barberousse, 480 So.2d 273 (La.1985). In a discussion of the mandatory minimum sentence required under La.Code Crim. Proc. art. 893.1, the Court stated:
Mandatory sentences generally fall within the Legislature's prerogative to determine the length of the sentence imposed for crimes classified as felonies. State v. Prestridge, 399 So.2d 564, 582 (La.1981). On the other hand, the constitutional proscription against cruel and unusual punishment will override a legislatively imposed mandatory minimum sentence if, as applied to a given defendant for a given crime the punishment is constitutionally excessive.
480 So.2d at 280.
A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, amounts to nothing more than the purposeless infliction of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Lobato, 603 So.2d 739 (La.1992). To determine if a *1234 sentence is grossly disproportionate, the court must consider the punishment and the crime in light of the harm to society and determine whether or not the penalty is so disproportionate that it shocks our sense of justice. State v. Pearson, 425 So.2d 704, 705 (La.1982). A sentence may be excessive either by length or because the circumstances warrant a less onerous sentencing alternative. State v. Telsee, 425 So.2d 1251, 1253-54 (La.1983).
In the instant case, the trial judge found that the 44 year-old defendant was "basically a person who has had absolutely no criminal involvement." He also found that defendant was very contrite with the person who had prepared his presentence investigation. Noting that the defendant's involvement with drugs began in 1991 when his mother had died of cancer, the trial judge recognized the defendant's willingness to participate in a drug rehabilitation program. Also, the trial court acknowledged that the defendant had maintained steady employment for twenty years preceding his arrest and was enrolled in Delgado College prior to his incarceration. Most significant, however, was the fact that the defendant was the sole provider and caregiver for his elderly father and 38 year-old mentally ill brother.
It is clear from the sentencing transcript that the trial judge was aware that the statute prohibited suspension of the first five years, but nevertheless chose to disregard the prohibition in sentencing the defendant, citing State v. Dorthey, supra. Considering the facts and circumstances of this particular case, we agree with the trial court that the imposition of the mandated minimum sentence would have made no measurable contribution to the acceptable goals of punishment.
Accordingly, for the reasons stated herein, the defendant's sentence is affirmed.
SENTENCE AFFIRMED.
KLEES, C.J., concurs.
KLEES, C.J., concurring.
I whole-heartedly agree with the opinion in this matter. Nonetheless, I can find no difference in this matter and State v. Johnson, 96KK1263, 709 So.2d 672 (La.1998) except that in the Johnson case the imposed sentence was served in its entirety and the defendant was brought back to have the mandatory minimum imposed.
The circuit courts need more guidance from the Supreme Court.