hKIRBY, Judge.
By bill of information dated September 26, 1997, the defendant, Angelain J. Du-part, was charged with possession of twenty-eight grams or more, but less than two hundred grams, of cocaine, a violation of La. R.S. 40:967(F)(1). He pleaded not guilty on February 17, 1998. On September 3, 1998, he was tried by a twelve-member jury that found him guilty as charged. On September 25, 1998, the trial court denied defendant’s motions for new trial and for post-verdict judgment of acquittal; and, after defendant waived all delays, the trial court sentenced defendant to ten years at hard labor without benefit of parole, probation, or suspension of sentence.

STATEMENT OF THE FACTS

Sergeant Steven Imbraguglio testified that on May 16, 1997, he conducted an investigation in the area of Columbus and St. Claude. He stated that he saw defendant, who was sitting in a white Oldsmobile parked on- Kerlerec near St. Claude, talking with an unidentified individual, who was standing in the street. He further stated that he saw defendant get out of the car, go the trunk, open it, and remove an object from it. Defendant then gave the object to the unidentified | ¡.individual, who gave defendant what appeared to be currency. After examining the object, the *17 unidentified individual walked up Kerlerec in a lakebound direction. Imbraguglio testified that defendant reentered his car, backed up to St. Claude, drove downtown on St. Claude, and turned onto Columbus. Imbraguglio stated that he drove to St. Bernard, circled around on St. Claude, and came to the 1100 block of Columbus where he saw defendant’s parked car. He said that the car’s door was open and that defendant was preparing to exit the car.
Imbraguglio pulled his car in front of defendant’s car; and, he and two other officers, Mike Lohman and Clarence Gil-lard, approached defendant. They informed defendant that he was under investigation, and defendant was informed of his Miranda rights. Gillard frisked defendant for weapons, and Lohman removed a key from defendant’s hand. Lohman used the key to open the trunk and saw several clear plastic bags containing pieces of a white compressed powder substance. One bag contained 171 pieces, and another bag contained 140 pieces. A third bag contained some crushed pieces. Testing of random samples of the contents of the bags was positive for cocaine. The contents of the bags weighed 30.7 grams. The officers also found $257.00 in currency on defendant’s person and $961.00 on the front console of the car.

ERRORS PATENT

A review of the record shows an error patent with regard to defendant’s sentence. La. R.S. 40:967(F)(1)(a) provides that one convicted of possession of more than twenty-eight grams, but less than two hundred grams, of cocaine shall be sentenced to a term of imprisonment of not less than ten years and not more than sixty years and to payment of a fine of not less than $50,000 and not more |athan $150,000.[1] The sentence imposed on defendant is illegally lenient in that the trial judge failed to order payment of a fine; but because this is an error patent favorable to defendant and the State has not complained, the illegally lenient sentence cannot be corrected on appeal. State v. Fraser, 484 So.2d 122 (La.1986); State v. Samuels, 94-1408 (La.App. 4 th Cir. 6/7/95), 657 So.2d 562. There are no other errors patent.

ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, defendant complains that the trial court erred in denying his motion to suppress the evidence. He argues that there was no probable cause for the warrantless search of the trunk of his car and that none of the exceptions to the warrant requirement are applicable.
The first issue that must be resolved is whether defendant has preserved this issue for appellate review. The record does not contain a transcript from a motion to suppress hearing. Defendant filed a motion to suppress the evidence on February 19, 1998, with the motion was set for hearing on April 6; but, on that date, the transcript shows that defense counsel stated: “Pending our pretrial conference this morning, we are going to waive the motions, Your Honor, pending a pretrial conference and status which is set on May 5.” (April 6, 1998 tr. p. 2). On May 5, the transcript shows only that there was an off-the-record discussion at the bench and that the trial judge set the case for trial on June 25. Trial was continued on that day until August 10, when it was continued again until September 3. At the start of trial, defense counsel stated that she was reurging and ^amending the motion to suppress the evidence because the evidence had allegedly been tampered with and was possibly tainted. At the end of trial, defense counsel again argued that the evidence should not be admitted because of alleged tampering. There was no argument at any point during the trial that the evidence had been unlawfully seized.
*18 Under these circumstances, we find that defendant has not preserved the issue of whether the evidence was unlawfully seized and should have been suppressed. First, the motion was waived prior to trial; and, the record contains no other pretrial hearing at which the motion was actually heard. Second, when the motion to suppress was reurged at the start of trial, the only issue raised was whether the seized cocaine had been tampered with and tainted prior to trial. Third, it appears that because of counsel’s statement waiving the motion, the trial court did not actually rule on whether the search and seizure was lawful, which in turn means that there is no actual ruling for this court to review. Waiver of a matter asserted in a written motion relieves the trial court from further consideration of the issue unless and until it is raised anew. State v. Butler, 30,798 (La.App.2d Cir.6/24/98), 714 So.2d 877, unit denied 98-2217 (La.1/8/99), 734 So.2d 1222. Accordingly, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2

In his second assignment of error, defendant complains that the trial court erred in imposing an excessive sentence. He argues that the ten year sentence is excessive because he was a first offender and that the amount he possessed was barely over the twenty-eight grams required to make the offense of possession subject to a ten year minimum sentence.
|,.¡Although a sentence is within the statutory limits, the sentence may still violate a defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless and needless imposition of pain and suffering, and is grossly out of proportion with the severity of the crime. State v. Lobato, 603 So.2d 739 (La.1992); State v. Telsee, 425 So.2d 1251 (La.1983). The trial court has great discretion in sentencing within the statutory limits. State v. Trahan, 425 So.2d 1222 (La.1983). The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La.C.Cr.P. art. 881.4(D).
Generally, the reviewing court must determine whether the trial judge adequately complied with the guidelines set forth in La.C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982). If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the case. State v. Egana, 97-0318 (La.App. 4 th Cir. 12/3/97), 703 So.2d 223. The articulation of the factual basis for the sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions; and, where the record clearly shows an adequate factual basis for the sentence, resentencing is unnecessary even where there has not been full compliance with Article 894.1.
After the trial judge sentenced defendant to ten years imprisonment, defense counsel moved for a reconsideration of the sentence and pointed out that defendant | ¿was a first offender. Defense counsel also asked the judge to consider the ten year mandatory sentence excessive for a first offender under State v. Dorthey, 623 So.2d 1276 (La.1993). The judge replied that the Supreme Court had held that the court cannot deviate from a minimum mandatory sentence even under Dorthey and that there was no mechanism for the court to sentence an individual to less than the minimum mandatory sentence. The judge further stated that he had no other choice than to sentence defendant to ten years with the Department of Corrections.
In State v. Fobbs, 99-1024 (La.9/24/99), 744 So.2d 1274, the Supreme Court, in a per curiam decision, stated:
*19 Our observation in State v. Dorthey, 623 So.2d 1276, 1280 (La.1993), that “the review of sentencing, including sentencing under R.S. 15:529.1, is a long established function of the judicial branch,” does not, nor did we intend it to, restrict the sentence review principles espoused in that decision solely to the mandatory minimum penalties provided by La. R.S. 15:529.1. See State v. Davis, 94-2332, pp. 11-12 (La.App. 1 st Cir. 12/15/96), 666 So.2d 400, 407-08. As we explained in State v. Sepulvado, 367 So.2d 762, 766 (La.1979), La. Const. Art. 1, § 20 provides “the basis for extending the court’s control over the entire sentencing process.” (emphasis added).
Fobbs was remanded to this court, which ruled on whether the trial court could sentence the defendant to an eight year suspended sentence and five years active probation despite the fact that the substantive statute prohibited suspension for the first five years of the sentence. The Court noted that in State v. Barberousse, 480 So.2d 273 (La.1985), the Supreme Court had suggested that a mandatory minimum sentence that was not the result of a multiple bill might be unconstitutional. The court affirmed the sentence considering the facts and circumstances showing that imposition of the mandated minimum sentence would |7have made no measurable contribution to the acceptable goals of punishment. State v. Fobbs, 99-0073 (La.App. 4 th Cir. 11/24/99), 747 So.2d 1232.
Therefore, we find that the trial judge was wrong in concluding that he could not deviate from the mandatory minimum sentence under Dorthey. Accordingly, this ease will be remanded to the trial court to determine whether the mandatory minimum sentence would be excessive under Dorthey.

ASSIGNMENT OF ERROR NO. 3

In his third assignment of error, defendant complains that the trial court erred in failing to advise him of the prescriptive period for filing an application for post-conviction relief. He asks that the case be remanded for the trial court to give him written notice of the prescriptive period. A review of the sentencing transcript shows that defendant was not advised of the prescriptive period for filing an application for post-conviction relief. In State ex rel. Glover v. State, 93-2330, 94-2101, 94-2197 (La.9/5/95), 660 So.2d 1189, the Supreme Court noted that while La.C.Cr.P. art. 930.8(C) directs the trial court to inform the defendant of the prescriptive period at the time of sentencing, it does not provide a remedy for an individual defendant who is not told of the limitation period. The court further stated that Article 930.8(C) did not bestow an enforceable right in favor of the defendant and was merely a directive to the trial court. See also State v. Perry, 97-1175 (La.App. 4 th Cir. 7/22/98), 720 So.2d 345; State v. Guy, 95-0899 (La.App. 4 th Cir. 1/31/96), 669 So.2d 517, writ denied 96-0388 (La.9/13/96), 679 So.2d 102. Hence, this assignment of error is without merit.
For these reasons, the defendant’s conviction is affirmed. The defendant’s sentence is vacated and this ease is remanded for resentencing after a | ^determination of whether the ten year mandatory minimum sentence would be excessive under State v. Dorthey.
CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.

. Also, La. R.S. 40:967(G) provides that with respect to any person to whom the provisions of Section F apply, the sentence shall not be suspended and the defendant shall not be eligible for parole or probation prior to serving the minimum sentence.