| MOAN BERNARD ARMSTRONG, Judge.
STATEMENT OF THE CASE
On July 6, 2001 the defendant, Anthony Martin, was charged with one count of simple possession of heroin. At his ar *487 raignment on July 23 he pled not guilty. However, on August 29 he withdrew this plea and pled guilty as charged. The court sentenced him to four years at hard labor, suspended, and placed him on four years active probation with various conditions. The State noted its objection and now comes before this court contending the court imposed an illegal sentence.
FACTS
The facts of the incident resulting in this charge are irrelevant to the issue in this application.
DISCUSSION
The State argues the trial court erred by placing the defendant on probation because at the time of the offense, probation was not available for a person convicted of possession of heroin. The State contends the court suspended the sentence based upon an amendment to La. R.S. 40:966(C) which did not take effect until June 15, 2001, less than a month after the date of the offense in this case. The State asks this court to vacate the sentence and remand the case for resentencing.
|2The sole issue in this writ application is whether the trial court could retroactively apply the 2001 change to La. R.S. 40:966 which amendment allows a trial court to suspend a sentence for possession of heroin. Prior to the enactment of Act No. 403 (Senate Bill 239), 40:966(0(1) provided for a minimum sentence of four years at hard labor without the benefit of probation or suspension of sentence for possession of a narcotic drug, which includes heroin, and a possible fine. The penalty for this offense, as well as several other drug offenses and the mandatory penalty under La. R.S. 15:529.1, has now been reduced; the new penalty for simple possession of heroin shall be imprisonment at hard labor “for not less than four years nor more than ten year’s” with no reference to the denial of probation or suspension of sentence, and a possible fine. Also in the same act, La. C.Cr.P. art. 893 relative to suspension and deferral of sentences in felony cases was amended to remove the prohibition against suspension of sentence for any violation of the Uniform Controlled Dangerous Substances Law punishable by a term of imprisonment for more than five years. Thus, under the new statutory scheme, a person convicted of possession of heroin may receive a suspended sentence.
The bill of information indicates the crime occurred on May 31, 2001. The State argues that the provisions of this Act cannot be retroactively applied to the defendant’s case to authorize the trial court to suspend his heroin sentence. This interpretation appears to be correct. As noted by this court in State v. Barris, 533 So.2d 89, 90-91 (La.App. 4 Cir.1988):
A defendant is to be tried under the statute in effect at the time of the commission of the crime. That a statute is subsequently amended to modify or lessen the possible penalty does not extinguish liability for the offense committed under the former statute. R.S. 24:171; State v. Narcisse, 426 So.2d 118 (La.1983) cert. den. Narcisse v. Louisiana, 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176 (1983).
La. R.S. 24:171 states:
The repeal of any law shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability, civil or criminal, incurred under such law unless the repealing act expressly so provides, and such law shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.
In addition to the general rule stated in La. R.S. 24:171, Act 403, Section 6, specifically states that, “The provisions of this *488 Act shall only have prospective effect.” Thus, the amendments in Act No. 403 to various criminal statutes, including La. R.S. 40:966(C), although lessening the penalties, do not apply to persons who violated the statute prior to the amendments.
Although it appears that the trial court cannot suspend the defendant’s sentence simply because of the amendment to the statute, the court may suspend the sentence if it determines that not doing so would render the sentence constitutionally excessive. See State v. Fobbs, 99-1024 (La.9/24/99), 744 So.2d 1274, and 99-0073 (La.App. 4 Cir. 11/24/99), 747 So.2d 1232 (on remand). In fact, as noted in State v. Clark, 391 So.2d 1174, 1176 (La.1980), although the statute in effect at the time of the commission of the offense applies, subsequent amendments have been recognized to be relevant in sentencing:
[I]n Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859, 874 (1976) (Opinion of Justices Stewart, Powell and Stevens) [stated that] “an assessment of contemporary values concerning the infliction of a challenged sanction is relevant to the application” of the Eighth Amendment’s ban against cruel and unusual punishment. It is no less relevant to the inquiry of whether a particular penalty is excessive. And it has been acknowledged that legislative enactments provide |4an important means of ascertaining contemporary values. Id. at n. 19.
In the instant case, the transcript of sentencing does not indicate whether the plea was based upon an understanding that the defendant would receive probation. The only indication of a promise was defense counsel’s statement that no multiple bill would be filed in exchange for his plea. The transcript also does not indicate whether the court found a sentence requiring the defendant to serve time in jail was constitutionally excessive; the court gave no reasons for the sentence it imposed.
Accordingly, the defendant’s sentence is vacated and the matter remanded for re-sentencing, including re-sentencing in light of Fobbs. The defendant’s right to move for withdrawal of his guilty plea is reserved to him should the trial court determine that the plea was based upon an understanding that he would receive a suspended sentence.
WRIT GRANTED; SENTENCE VACATED; REMANDED.