MOON LANDRIEU, Judge Pro Tempore.
In its writ application, the State requests a review of the trial court’s ruling that vacated the defendant’s life sentence and imposed a thirty-year sentence. We reverse.

Procedural History

On April 11, 1985, Ernest McCoy was indicted for possession with the intent to distribute heroin. On April 22, 1986, a jury found him guilty as charged. The trial court subsequently sentenced him to life imprisonment. In an unpublished opinion, this court affirmed his conviction and sentence. State v. McCoy, unpub. 87-6169 (La.App. 4 Cir.1987), 512 So.2d 867 (TABLE). The Supreme Court denied writs. State v. McCoy, 515 So.2d 445 (La. 1987). This court later denied his application for post conviction relief wherein he alleged the evidence was insufficient to *919 support his conviction, his sentence was excessive, and his life sentence should be commuted. State v. McCoy, unpub. 89-K-1533 (La.App. 4 Cir.1989).
On June 13, 2003 the defendant filed a pro se motion to amend, modify, reduce, or vacate his life sentence. The trial court appointed counsel, and the defendant filed a supplemental motion on August 13, 2003. On August 20, 2003, | ¡>the trial court granted his motion, vacated his life sentence, and reset the matter for resentencing. On September 29, 2003, the trial court resen-tenced him to serve thirty years at hard labor. The State now comes before this court seeking relief from this ruling. The trial court stayed its ruling pending review by this court.[1]

Amended Sentence

The State contends that the trial court erred in vacating the defendant’s life sentence and imposing a thirty-year sentence. The trial court was precluded from amending the defendant’s sentence at this point. La.C.Cr.P. art. 822 authorizes a trial court to amend a sentence under certain conditions.
La.C.Cr.P. art. 881 provides:
Art. 881. Amendment of sentence
A.Although the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence.
B. (1) After commencement of execution of sentence, in felony cases in which the defendant has been sentenced to imprisonment without hard labor and in misdemeanor cases, the sentencing judge may reduce the sentence or may amend the sentence to place the defendant on supervised probation. Should the court consider any motion amending or changing the sentence imposed, either prior to or after execution of the sentence, the district attorney shall be notified and, if such motion is filed by the defendant, it shall be tried contradictorily with the district attorney, unless the district attorney waives such contradictory hearing.
| a(2) Such motions include but are not limited to motions for a new trial, motions in arrest of judgment, motions for amendment, modification, or reconsideration of sentence, and motions for modification of conditions of probation or termination of probation.
(3) If a sentence is reduced or amended, a copy of the minute entry reflecting the judgment reducing or amending the sentence shall be furnished to the district attorney and the arresting law enforcement agency.
C. If the sentence imposed by the court is consecutive to a sentence imposed in a different criminal proceeding, for purposes of this Article only, commencement of the execution of sentence begins when the defendant is remanded by the sentencing court to the Depart *920 ment of Public Safety and Corrections, to begin serving either the imposed sentence or a prior sentence to which the imposed sentence is consecutive. (Emphasis added.)
In State v. Neville, 95-0547 (La.App. 4 Cir. 5/16/95), 655 So.2d 785, the defendant moved the court to reconsider or modify his sentence approximately 15 months after the sentence was imposed and made executory. This court held the trial court was without authority to consider the motion. This court discussed when a motion for modification of sentence under La. C.Cr.P. art. 822 may be made:
We previously addressed this same issue in State v. Tillman, 638 So.2d 475 (La.App. 4th Cir.1994). In that case, the defendant pled guilty to purse snatching and was sentenced in September 1992 to five years at hard labor with credit for time served. He filed a motion to reconsider his sentence in May 1994, nineteen (19) months following the imposition of his sentence. Noting that the defendant failed to file his motion to reconsider within the thirty days following the imposition of the sentence and that the trial judge failed to give the defendant additional time within which to file the motion at the time of sentencing, we found the trial court had no authority to reconsider Tillman’s sentence.
State v. Neville, 95-0547 at p. 3, 655 So.2d at 787.
This court also found that the motion to reconsider was really a motion to amend the defendant’s sentence, which under La. C.Cr.P. art. 881 must be filed, in |4a case where a defendant is sentenced to serve hard labor, prior to the commencement of execution of the sentence. Because the defendant had already begun serving his sentence, the court was without authority to modify or amend his sentence under either La.C.Cr.P. arts. 822 or 881.

Claim of Illegal Sentence

The defendant maintains that under La. C.Cr.P. art. 882, the trial court has the inherent authority to correct a sentence “at any time” which it deems to be in violation of constitutional guarantees.
La.C.Cr.P. art. 882 states:
Art. 882. Correction of illegal sentence; review of illegal sentence
A. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.
B. A sentence may be reviewed as to its legality on the application of the defendant or of the state:
(1) In an appealable case by appeal; or
(2) In an unappealable case by writs of certiorari and prohibition.
C. Nothing in this Article shall be construed to deprive any defendant of his right, in a proper case, to the writ of habeas corpus. (Emphasis added.)
In the present case, the defense refers to State v. Martin, 2001-1767 (La.App. 4 Cir. 1/30/02), 809 So.2d 486, and maintains that the court may suspend, reduce or otherwise correct a sentence if it is unconstitutionally excessive. In Martin, the State brought a writ application to review the trial court’s suspended sentence of a mandatory four-year sentence. The State argued that the statute could not be retroactively applied to the defendant’s case to authorize the trial court to suspend his heroin sentence. This court vacated and remanded the matter for resentencing where the minute entry and the transcript did not indicate whether the guilty plea was based on an understanding that the defendant would receive ^probation. Further, the minute entry and transcript did *921 not indicate whether the trial court considered that the sentence was unconstitutionally excessive. The defendant pleaded guilty on August 29, 2001, and this court’s opinion was rendered on January 30, 2002. This court’s opinion did not reflect that the original sentence had become final.
The defense submits that in State v. Fobbs, 99-0073 (La.App. 4 Cir. 11/24/99), 747 So.2d 1232, 1233, this court reviewed the State’s writ application and found that application of the mandatory minimum sentence to that particular defendant was constitutionally excessive. This court held that the constitutional proscription against cruel and unusual punishment must override a legislatively proposed mandatory minimum sentence if the punishment is constitutionally excessive. This court reviewed the sentence on remand from the Louisiana Supreme Court, and the original sentence had not become final.
The defense also notes that in State v. Clark, 391 So.2d 1174 (La.1980), the Louisiana Supreme Court found that the trial court erred by not taking into account the recent amendment of a statute proscribing theft of livestock, which lessened the penalty for the first offense. However, the sentence was reviewed on appeal, and the sentence was not final.
In the cases cited by the defense in the present case, the sentences were reviewed before the sentences had become final.
McCoy received his life sentence in 1986, and he had been serving his sentence for over eighteen years. He moved to amend his sentence in 2003. The trial court could not amend or modify the sentence in 2003 pursuant to La.C.Cr.P. arts. 822 or 881.
|fiNor could he file a valid motion to reconsider his sentence. Pursuant to La. C.Cr.P. art. 881.1, a motion to reconsider sentence must be filed within thirty days of the imposition of sentence unless the trial court at sentencing sets a longer period to file the motion. See State v. Williams, 96-1587 (La.App. 4 Cir. 4/16/97), 693 So.2d 249. McCoy was sentenced in 1986, long before the enactment of La. C.Cr.P. art. 881.1. He cannot now use this article as a vehicle to have the trial court consider an excessive sentence claim.
The defendant based his motion to amend his sentence on the changes to the statutory sentencing scheme implemented by Acts 2001, No. 403, which lessened to a great extent the range of sentences for many crimes, including the one for which the defendant was convicted. The defendant argued that had he been convicted of the same crime today, he would not have received a life sentence. He therefore contended that his sentence is excessive. The trial court agreed and noted it was granting the defendant’s “post conviction” application. In our 1989 writ disposition of this case, this court considered and rejected the defendant’s claim that his sentence is excessive.

Louisiana Risk Review Board

However, the defendant is not without any recourse. La. R.S. 15:574.22 was added by Acts 2001, No. 403, to address situations similar to that of the defendant. This section sets up the Louisiana Risk Review Panel, which is empowered to review legal sentences to determine if a prisoner should be considered for parole or clemency. La. R.S. 15:574.22 provides in pertinent part:
F. The panels shall review, notwithstanding the provisions of R.S. 15:574.12, presentence reports, prison records, medical and psychological records, information and data gathered by the staffs of the Board of Pardons and the Board of Parole, information provided by the 17convicted person, the district attorney, the assistant district attorney, and an y[sic] other information obtained by the *922 boards or the Department of Public Safety and Corrections.
G. The panel shall have the duty to evaluate the risk of danger to society which each person who has been convicted of a crime not defined or enumerated as a crime of violence in R.S. 14:2(13), and who is confined in a prison facility of any kind, may present if released from confinement. However, the panel shall not evaluate the risk of danger to society presented by:
[[Image here]]
(2) A person convicted of a violation of the Uniform Controlled Dangerous Substances Law except for any of the following:
* * *
(d) A person sentenced to a term of life imprisonment for a violation of the Uniform Controlled Dangerous Substances Law who has served at least twenty years of the term of imprisonment in actual custody. However, the provisions of this Subparagraph shall not apply ... to any person who has been sentenced as a habitual offender under R.S. 15:529.1 where one or more of the crimes for which the person was convicted and sentenced under R.S. 15:529.1 is a crime of violence defined or enumerated in R.S. 14:2(13) as provided for in Paragraph (3) of this Subsection.
(3) A person sentenced as a habitual offender under R.S. 15:529.1 where one or more of the crimes for which the person was convicted and sentenced under R.S. 15:529.1 is a crime of violence defined or enumerated in R.S. 14:2(13).
5Ü * *
I. When a panel has determined by a preponderance of the evidence that a person will not present a risk of danger to society if released from confinement, the panel may recommend that the person be considered for clemency by the Board of Pardons or the panel may recommend that the person be considered for parole by the Board of Parole. The panel may also recommend to the appropriate board such conditions for clemency or parole as it may deem advisable. Any recommendation of the panel shall not be binding on the Board of Pardons or the Board of Parole.
In the present case, although it appears that the defendant may have two prior convictions, one of which was a crime of violence, the State did not file a |smultiple bill. The defendant can petition to be recommended for clemency. However, the trial court is without authority to change his life sentence.
Accordingly, the ruling of the trial court is reversed, the thirty-year amended sentence is vacated, and the original life sentence is reinstated.

WRIT GRANTED; AMENDED SENTENCE VACATED; & ORIGINAL SENTENCE REINSTATED.

. The minute entry dated October 30, 2003 states:
THE STATE FILED A MOTION FOR A STAY ORDER. THE COURT GRANTED THE STAY ORDER IN THIS MATTER ON 10/30/03; HOWEVER THE DEFENDATN [SIC] WAS BEING HELD BY THE DEPARTMENT OF CORRECTONS [SIC] WITHOUT A STAY ORDER BEING IN PLACE ON THE ORDER OF THE ADA.
The defendant's attorney relates that:
the [trial] court reduced defendant's mandatory life sentence to a sentence of 30 years at hard labor, with credit for time served from date of arrest. Based upon the calculation of Mr. McCoy's credit for time served, it is the understanding of undersigned counsel that Mr. McCoy has been released from the State Penitentiary and has returned to his family.