DALEY, Judge.
Defendant Velma B. Slocum appeals her conviction of distribution of cocaine, a violation of LSA-R.S. 40:967(A). On appeal, Ms. Slocum argues that the conviction was based upon insufficient evidence, and also assigns any errors patent. After thorough consideration of the record, we affirm the conviction and sentence.
STATEMENT OF THE CASE
The defendant, Velma B. Slocum, was charged in a Bill of Information filed December 13, 1999, with committing one count of distribution of cocaine, a violation of LSA-R.S. 40:967(A).[1] Defendant was arraigned on the charge on February 18, 2000, and pled not guilty.
On May 10, 2000, the court heard testimony on a Motion to Suppress Identification, which was denied. Trial was held following the hearing on the motion, Land a jury of twelve returned a verdict of guilty as charged. On May 18, 2000, the judge sentenced the defendant to five years at hard labor, said sentence to be served without benefit of parole, probation, or suspension of sentence. Defendant was given credit for time served, and was notified of the time limits in which to seek post conviction relief, as per LSA-C.Cr.P. art. 930.8.
On the same day, May 18, 2000, defendant filed a Motion for New Trial, which was denied the same day, and also filed a Motion to Reconsider Sentence, which was also denied the same day as moot, on the grounds that the court gave the defendant the minimum sentence allowed for a violation of LSA-R.S. 40:967(A).
On May 18, 2000, defendant filed a Motion for Appeal, which was granted.
FACTS
On November 5, 1999, Agent Richard Valley with the Narcotics Division of the Jefferson Parish Sheriffs Office received information that illegal drug activity was occurring in the 600 block of Nell Place in Gretna. In response to this information, he and another agent, Gary Brown, set up an undercover purchase operation. Agent Brown proceeded undercover to Nell Place in an automobile equipped with video camera and an audio microphone. Agent Valley and other members of the Narcotics Division waited a few blocks away, out of sight, but able to hear the audio in the car. Agent Brown testified that as he was driving on Fredericks Street, near Nell Place, a female pedestrian approached him, who was later identified as the defendant. He testified that she asked him what he wanted, whereupon he told her that he wanted a “twenty,” or street slang for a rock of crack cocaine. Agent Brown testified that the defendant told him to go to Nell Place. He did so, but did not make contact with anyone. As he was driving out of the area, Ldefendant flagged him down. She was accompanied by a black male, later identified as Brent Wilson. According to Agent Brown, both Slocum and Wilson approached his car on the passenger side. Wilson asked Brown what he wanted; Brown said a “twenty.” Wilson replied that he had it right there, but for Agent Brown to “make the block” because the bag the rock was in was tied tight. According to Agent Brown’s testimony, Slocum said she would watch for him while he got it out of the bag, which is what oc *145 curred. Agent Brown then purchased the “twenty” rock with currency that had been marked for identification by the sheriffs office. Agent Brown testified that it appeared to him that Slocum and Wilson were acting as a team, and that she was acting as the lookout while the transaction took place, because of the conversation between them.
Agent Brown also testified that he had seen Slocum in the neighborhood before this incident, and that on a previous occasion she had advised him not to buy from another individual because his crack was no good.
Agent Brown identified State’s Exhibit 1, the rock-like object he had purchased from Wilson. Officer Valley’s signature appeared on the Exhibit, as did the report number and the date. Agent Brown testified that Officer Valley was the investigating officer and was his cover that day.
Following the transaction, Agent Brown testified that he met Officer Valley in a prearranged location, where he gave Officer Valley the rock and also gave a physical description of defendant Slocum and Wilson. He reported back to his office, where he removed the videotape from the vehicle and viewed it for operational quality. He then turned the tape over to his supervisor. State’s Exhibit 2 was identified as the videotape, and was played for the jury.
I ¿Several days after the controlled purchase, on November 10, 1999, Officer Valley presented Agent Brown with a photographic lineup containing six pictures of black females. Agent Brown identified Velma B. Slocum, the defendant, on that lineup.
Detective Richard Valley testified that he was employed by the Narcotics Division of the Jefferson Parish Sheriffs Office. He arranged for Agent Gary Brown to conduct an undercover purchase of cocaine in the 600 block of Nell in Gretna. He instructed Brown to make contact with some of the lower level street dealers in order to purchase crack cocaine. During the buy that Agent Brown made from Wilson and Slocum, Detective Valley maintained contact with Brown via the radio systems and could hear the audio of the transaction. As soon as the transaction was concluded, he and Brown met at a prearranged location, where Agent Brown turned over the crack cocaine and other evidence to Detective Valley. He testified that he conducted a field chemical test on the rock, which identified it as cocaine, and placed the rock into a clear plastic bag and put evidence tags on it. Detective Valley identified State’s Exhibit 1, the rock of crack cocaine. He stated that the bag with the cocaine in it was placed into an evidence locker, as per usual sheriffs office procedure. From there, a member of the sheriffs office brought it to the Crime Lab for analysis, after which the Crime Lab retained physical custody of the evidence.
After receiving the evidence and description of the defendant and Wilson from Agent Brown, Detective Valley testified that he and two other members of the team went to Nell Place, where they located and identified the defendant, Velma Slocum. They interviewed her and took a photograph of her. Because Slocum did not have identification on her person when the officers requested it, Det. Valley testified that the officers accompanied her to her apartment at her invitation to view her 1 (¡identification, and then left the area. Detective Valley testified that he returned to the office to write the initial police report and request warrants for the suspects’ arrest, which were issued.
Detective Valley constructed the photographic lineup. He presented it to Agent *146 Brown on November 10, 1999, at which time Brown positively identified Velma Slocum as the female involved in the transaction.
Defense counsel questioned Detective Valley about some mistakes in his reports. Detective Valley admitted that it was a mistake that the report referred to “two” rocks that were purchases, when Agent Brown said only one was purchased, and only one rock was logged in as evidence. Detective Valley testified that in fact, he received only one rock of crack cocaine from Agent Brown. The report also mistakenly identified “Terry Burns” as the black female with Brent Wilson. Detective Valley said that the female was in fact Velma Slocum. The report also stated the “60” block of Nell Place when it should have read “600” block of Nell Place, but he testified that this was corrected in a supplemental report.
Daniel Waguespaek testified for the State. He was employed by the Jefferson Parish Sheriffs Office and was accepted by the court as an expert forensic scientist. He identified the evidence bag containing the one rock of crack cocaine. Wagues-pack testified that he received it as a sealed package, whereupon he cut the sealed package, removed the rock, and tested it for the presence of cocaine and/or other controlled substances. The rock tested positive for cocaine. Mr. Wagues-pack generated a report of his testing, which he identified. It was admitted into evidence as State’s Exhibit 4. The chain of custody document was admitted into evidence as State’s Exhibit 5.
|7In its case, the defense called Mr. George Strunk as a witness. He testified that the defendant Slocum was his full time employee, servicing his apartment buildings. He testified that he found her to be honest, truthful, and the most reliable employee he had had in 15 years.
The defense also called Mr. Melvin Slocum, the defendant’s husband. He testified that he was present in their home when the police came to ask Mrs. Slocum for her identification, and that she cooperated with them.
Following this witness, the defense rested. The State had no rebuttal. The jury deliberated and returned a verdict of guilty as charged, 11-1.

ASSIGNMENT OF ERROR NUMBER ONE

Defendant argues that there was insufficient evidence to support a conviction of distribution of cocaine against her. By this Assignment of Error, the defense points to the discrepancies between the State witness’s testimony and the police report Detective Valley prepared contemporaneously with the crime. Specifically, the police report states that the black female with Brent Wilson was a “Terry Burns,” when the police identified and arrested Velma Slocum, the defendant, for this crime. Second, the police report states that two rocks of crack cocaine were purchased from defendant, but the evidence consisted of one rock. The defendant asserts that this confusion about the parties involved and the quantity of cocaine suggests that the officers are mistaken in their identification of Velma Slocum as a principal to distribution of cocaine.
The standard for reviewing the sufficiency of evidence was set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and adopted by Louisiana in State v. Abercrombie, 375 So.2d 1170, 1177-1178 (La.1979), cert. denied, Abercrombie v. Louisiana, 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787 (1980). In Jackson, the court held that due process requires the reviewing court to determine “whether, after viewing the evidence in the light most favorable to the prosecution, *147 any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Jackson, 443 U.S. at 319, 99 S.Ct. 2781.
This standard, initially enumerated in Jackson and now codified in LSA-C.Cr.P. art. 821, is applicable in cases involving both direct and circumstantial evidence. State v. Daniels, 32,017 (La.App. 2 Cir. 5/5/99), 740 So.2d 691. Ultimately, under Jackson, all evidence, both direct and circumstantial, must be sufficient to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Id.
In this case, defendant was charged as a principal to distribution of cocaine, a violation of LSA-R.S. 40:967, which states, in pertinent part:
§ 967. Prohibited acts; Schedule II, penalties
A. Manufacture; distribution. Except as authorized by this Part or by Part VII-B of Chapter 5 of Title 40 of the Louisiana Revised Statutes of 1950, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II.
Cocaine is a Schedule II controlled substance. LSA-R.S. 40:964.
A violation of LSA-R.S. 40:967(A)(1) occurs when any person knowingly or intentionally distributes, physically delivers, or administers cocaine, a Schedule II controlled substance. State v. Daniels, supra.
The law on principals is stated in LSA-R.S. 14:24, which says:
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting 19the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
The defendant argues that the police officers were mistaken as to Velma Slocum’s identity as the lookout for Brent Wilson during the drug transaction between Wilson and Agent Brown, because Detective Valley’s report stated that the female was identified as Terry Burns. In a case involving a defendant’s claim that he was not the person who committed the crime, the State bears the burden of negating any reasonable probability of mis-identification. State v. Daniels, supra. Viewing the evidence in the light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
Agent Brown testified that the defendant, Velma Slocum, flagged him down near Nell Place, directed him to purchase cocaine from Wilson, and acted as a lookout during the transaction. His' car contained a video camera that recorded the entire transaction, and included footage of the defendant. This video was played for the jury twice and a still print of the defendant was made from a frame of the videotape and was entered into evidence. Agent Brown testified that he was certain that the woman on the videotape and the defendant were the same person.
On direct testimony, Detective Valley stated that the name “Terry Burns” in his police report was a mistake, and that it should have read Velma Slocum. Detective Valley testified that after receiving the evidence and description of the defendant from Agent Brown, he and two other members of the undercover team went to Nell Place, where they located and identified the defendant, Velma Slocum. They interviewed her and took a photograph of her, and then left the area. Detective *148 Valley constructed the photographic lineup in which Agent Brown later identified the defendant. He presented the lineup to Agent Brown on November 10, 1999, at which | mtime Brown positively identified Velma Slocum as the female who had acted as lookout while he purchased the rock of cocaine from Brent Wilson. Both police officers positively identified the defendant in court.
Defendant raised the issue of suggestiveness of the photo lineup in a Motion to Suppress Identification, which was heard and denied prior to trial. The Motion’s Denial was not raised as an issue on appeal.
This court also notes that the indictment was amended, on the day of trial, to reflect and add the defendant’s alias of Thelma Burse. The defendant stated that Burse was her maiden name. This court notes the similarity of the name in the police report, Terry Burns, with the defendant’s alias added to the indictment, Thelma Burse.
We find that despite the different name in the police report, the evidence was sufficient to establish that Velma Slocum was in fact the female who participated in the drug transaction with Agent Brown. The jury heard Agent Brown positively identify Slocum as the individual who sold him the crack. Detective Valley also identified her as the female fitting Agent Brown’s description whom he interviewed and identified the same day as the undercover transaction. Both police officers positively identified defendant in court. The testimony of a single undercover officer is sufficient to convict one charged with distribution of drugs. State v. Daniels, supra. The jury also heard testimony regarding inconsistencies in the police report and the length and type of investigations conducted and obviously accepted the explanations offered by the police officers involved. This Assignment of Error has no merit.
The defendant also argues that the police report’s discrepancy as to how many rocks of cocaine were purchased.[2] The report by Detective Valley stated that two rocks were purchased. However, Agent Brown testified that he purchased only one fyrock, and he described the procedures he used in tagging and processing this evidence. Daniel Waguespack, the State’s expert forensic scientist, testified that he received the evidence bag as a sealed unit containing only one rock of crack cocaine. The defendant was not able to show an irregularity in the chain of custody or in evidence collecting procedures, only a discrepancy in Detective Valley’s report.
On appeal, the court reviews sufficiency, not credibility of witnesses. The jury evaluated the witnesses’ testimony and obviously believed Agent Brown and Daniel Waguespack’s testimony about the amount of cocaine purchased and present in the evidence bag, and accepted Detective Valley’s admission that he made an error on the police report. This Assignment of Error has no merit.
ERRORS PATENT
We have reviewed the record for errors patent and find none.
Accordingly, for the reasons herein assigned above, we affirm the defendant’s conviction.
AFFIRMED.

. The record reflects that the Bill of Information was amended on the day of trial to reflect and add the defendant's alias, Thelma Burse,

. Though Det. Valley testified about the discrepancies in his report, it was not entered into evidence, but was proffered by the defense.